KROL v CITY OF HAMTRAMCK

Docket No. 56114. Argued January 7, 1976 (Calendar No. 4).—Decided
    December 21, 1976.

Bruno Krol worked as a traffic sign painter for the City of
    Hamtramck Police Department and during the winter worked
    indoors and was exposed to paint, kerosene, and gas fumes. He
    died in 1960 of brain damage and two years later his widow
    Lottie read a newspaper article which suggested that Bruno's
    death might be work related. In April, 1963 Mrs. Krol filed an
    application for workmen's compensation benefits which were
    denied by the Workmen's Compensation Appeal Board because
    she had failed to give the city notice of the claim within 120
    days from the date when she reasonably should have known
    the death was work-related, which the appeal board found was
    the date of reading the newspaper article in November, 1962.
    The Court of Appeals, V. J. Brennan, P. J., and R. B. Burns and
    R. L. Smith, JJ., affirmed (Docket No. 18327). Plaintiff appeals.
    *Held:*

    1. In a claim for benefits arising out of an occupational
    disease, notice must be given the employer within 120 days
    after disablement. This time period begins to run at the time
    the claimant knows, or should have known, that the disease or
    disability might be work related.

    2. The notice given must be sufficient to make the employer
    aware that an injury has been sustained. If, after inquiry, the
    employer does not believe the injury to be compensable, it need
    not report the accident to the Workmen's Compensation Com-
    mission. However, in not reporting the accident, the employer
    assumes the risk that the injury will be found to be compensa-

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 82 Am Jur 2d, Workmen's Compensation §§ 442–445.
    Requirement of Workmen's Compensation Act as to notice of acci-
        dent or injury. 145 ALR 1263.
[2, 6] 82 Am Jur 2d, Workmen's Compensation § 296 *et seq.*
[5] 2 Am Jur 2d, Administrative Law § 640 *et seq.*
    82 Am Jur 2d, Workmen's Compensation §§ 630, 631.
[7] 73 Am Jur 2d, Statutes § 197.

ble. If such a determination occurs, the employer's penalty is a suspension of statutory limitation.

3. The evidence in this case shows that city had timely written notice of Bruno Krol's death and the cause of his death in response to its own inquiry. Nevertheless, the city chose not to notify the Workmen's Compensation Bureau of Krol's death. Accordingly, the statutory time limits for the filing of notice and claim with the defendant employer for occupational disease and death were suspended.

4. The Court of Appeals erred in refusing to apply *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974). Therefore, the decision of the Court of Appeals is reversed and remanded to the Workmen's Compensation Appeal Board for a determination on the merits.

Justice Coleman, joined by Justices Lindemer and Ryan, dissented. She wrote:

1. An appellate court is mandated by the Constitution and statute to accept findings of fact made by the Workmen's Compensation Appeal Board. The appeal board found that no notice was given to the defendant of the alleged work-related cause of Krol's death prior to June 4, 1963, and that proper notice of the claim was not given under the statute.

2. Liability of the employer for an occupational disease was created by express and specific statutory provisions, and such a statute must be strictly applied in cases which would take advantage of its terms. A claim that the employer was not prejudiced by the delayed notice of the claim does not change the statute.

54 Mich App 234; 220 NW2d 743 (1974) reversed.

### OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—NOTICE OF CLAIM.

Notice of a claim for workmen's compensation benefits arising out of an occupational disease must be given to the employer within 120 days after the disablement; this time period begins to run at the time the claimant knows, or should have known, that the disease or disability might be work related (MCL 418.441; MSA 17.237[441]).

2. WORKMEN'S COMPENSATION—NOTICE OF INJURY—LIMITATION OF ACTION.

A notice of a worker's injury given to an employer under the Workmen's Compensation Act must be sufficient to make the employer aware that an injury has been sustained and if, after inquiry, the employer does not believe the injury to be compen-

sable, it need not report the accident; however, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable and if such a determination occurs, the employer's penalty is a suspension of statutory limitations (MCL 418.381; MSA 17.237[381]).

3. Workmen's Compensation—Compensability—Referee—Notice of Injury—Limitation of Actions.

To determine compensability was and remains the duty of the workmen's compensation referee (with appellate levels provided); the employer must report any injury of which it had notice if it is to have the advantage of the statutory limitations and conversely, the employer need not report all or any injuries, but in failing to do so pays the price of the suspension of statutory limitations.

4. Workmen's Compensation—Limitation of Actions.

Statutory limitations of a workmen's compensation claim were tolled because the employer did not in any way report the injury where sufficient and timely notice of injury was given to defendant employer (MCL 418.381; MSA 17.237[381]).

Dissenting Opinion

Coleman, Lindemer, and Ryan, JJ.

5. Workmen's Compensation—Workmen's Compensation Appeal Board—Findings of Fact.

*An appellate court is mandated by the Constitution and by statute to accept findings of fact made by the Workmen's Compensation Appeal Board (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).*

6. Workmen's Compensation—Occupational Disease—Statutes.

*Liability of an employer for an occupational disease was created by statute, which must be strictly applied.*

7. Workmen's Compensation—Occupational Disease—Notice of Claim—Time.

*A claim that an employer was not prejudiced by delay in notice of a claim for workmen's compensation due to occupational disease or disability does not change the statute; there is no basis for the Supreme Court to add its own conditions to those provided by the Legislature (MCL 418.381, 418.441; MSA 17.237[381], 17.237[441]).*

Kavanagh, C. J. *(to reverse).* Bruno Krol was

employed by the City of Hamtramck from June 1950 until his death on November 14, 1960. He worked in the traffic control division of the police department painting signs, curbs, crosswalks, and removing paint from signs. In the winter months he worked primarily indoors and was exposed to paint, kerosene and gas fumes. His death was caused by brain necrosis.

Under date of November 18, 1960, in response to its own inquiry, the city was given notice of Krol's death which contained the following information:

"11-11-60. Right temporal craniotomy with removal of necrotic temporal lobe.
Brain necrosis, questionable etiology."

In approximately November 1962, two years after Bruno died, his widow Lottie read a newspaper article which suggested to her the possibility that Bruno's death might have been work related.

On April 3, 1963 she filed an application for hearing with the Workmen's Compensation Bureau. The bureau served the city a copy of her application on June 4, 1963.

On June 26, 1969 an award of benefits was made by a referee. On February 10, 1972 the Workmen's Compensation Appeal Board reversed because the plaintiff had failed to give notice within 120 days after her husband's death.

On May 29, 1973 the Court of Appeals reversed the appeal board, holding that

"in claims arising out of occupational diseases, the statutory period for filing notice and claim begins to run when the disability is discovered *and* when the claimant knows, or reasonably should know, that his disability is related to his employment."

On remand the appeal board again denied benefits, finding that Lottie knew in November 1962 that Bruno's death might have been work related and the notice from the compensation bureau on June 4, 1963 was untimely as being more than 120 days from November 1962.

We granted leave to consider whether the Court of Appeals, which affirmed the appeal board's determination, erred in refusing to apply our decision in *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974).

We conclude that it was error not to apply *Norris, supra,* for we find that case controlling and accordingly we reverse the Court of Appeals and remand to the Workmen's Compensation Appeal Board for consideration of the substantive issues raised in the appeal from the referee's award.

The following statutory provisions are applicable to this claim: 1948 CL 412.15; MSA 17.165; now, without substantive change, MCLA 418.381; MSA 17.237(381) provides:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; or, in case of the death of the employee, within 6 months[1] after said death * * * . In all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee

---

[1] Changed to 12 months by 1965 PA 44.

or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission."

1948 CL 417.10; MSA 17.229, now, without substantive change, MCLA 418.441; MSA 17.237(441) provides:

"The requirements as to notice as to occupational disease and death resulting therefrom and the requirements as to the bringing of proceedings for compensation for disability or death resulting from such occupational disease shall be the same as required in section 15 of part 2 of this act, except that the notice shall be given to the employer within 120 days after the disablement."

It is apparent from these provisions that in a claim for benefits arising out of an occupational disease, notice must be given the employer within 120 days after the disablement. This time period, as correctly noted by the Court of Appeals, begins to run at the time the claimant knows, or should have known, that the disease or disability might be work related. See *Finch v Ford Motor Co,* 321 Mich 469; 32 NW2d 712 (1948).

Assuming, *arguendo,* that the claimant did not meet the statutory time limits for giving notice to the employer, that is not the end of the inquiry. As cited above, MCLA 412.15; MSA 17.165 (now MCLA 418.381; MSA 17.237[381]) provides:

"in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compen- . sation commission as required by the provisions of this

act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission."

This provision was considered in *Norris v Chrysler Corp*, 391 Mich 469, 477; 216 NW2d 783 (1974), and for a unanimous Court, Justice COLEMAN wrote:

"The notice given must be sufficient to make the employer aware that an injury has been sustained. If, after inquiry, the employer does not believe the injury to be compensable, it need not report the accident. *However, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable. If such a determination occurs, the employer's penalty is a suspension of statutory limitations.*" (Emphasis added.)

In this case, the evidence shows that the city had timely written notice of Bruno Krol's death and the cause of death. Nevertheless, the city chose not to notify the Workmen's Compensation Bureau of Krol's death.

As we said in *Norris, supra:*

"To hold that defendant was charged with reporting only *compensable* injuries in order to impose the statutory limitations would be to hold that defendant was charged with judging the merits of the case. To the contrary, it was and remains the duty of the referee (with appellate levels provided) to determine compensability. The employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations. Conversely, the employer need not report all or any injuries, but in failing to do so pays the price

of the suspension of statutory limitations."[2] 391 Mich at 480.

Accordingly, the statutory time limits for the filing of notice and claim with the defendant employer for occupational disease and death were suspended, and this case is remanded to the Workmen's Compensation Appeal Board for a determination on the merits.

Reversed.

Williams, Levin, and Fitzgerald, JJ., concurred with Kavanagh, C. J.

Coleman, J. We have been requested to excuse plaintiff's failure to give an employer timely notice of a claim for compensation because it does not appear the employer was prejudiced. As indicated by the dissent in *Kerkstra v Department of State Highways,* 398 Mich 103; 247 NW2d 759 (1976), we should not engraft such conditions on the statute. We step outside our constitutional role when we judicially legislate.

Bruno Krol worked for the city of Hamtramck. He died November 14, 1960. The city received notice of the death which had this information:

"11-11-60. Right temporal craniotomy with removal of necrotic temporal lobe.
Brain necrosis questionable etiology."

On April 3, 1963, Mrs. Krol filed an application with the Workmen's Compensation Bureau. The claim related to "disablement from occupational disease which occurred on or about November

---

[2] This same sanction exists "for failure to notify the department of such injury *or death".* Martin v White Pine Copper Co,* 378 Mich 37, 43; 142 NW2d 681 (1966). (Emphasis added.)

1960". The city was served with a copy of the application on June 4, 1963.

After several dismissals, a hearing was held. On June 26, 1969 the referee awarded benefits. In an opinion filed February 10, 1972, the appeal board reversed because plaintiff failed to give notice within 120 days after her husband's death.

By a per curiam opinion dated May 29, 1973, the Court of Appeals reversed the appeal board because it "erred in holding that the period in which notice and claim must be filed is solely the date of disability". The Court said "in claims arising out of occupational disease, the statutory period for filing notice and claim begins to run when the disability is discovered *and* when the claimant knows, or reasonably should know, that his disability is related to his employment".

On remand, the board noted this exchange:

"*Q. [By Mr. Thomas]:* Mrs. Krol, approximately when was it, approximately when was it that you first had reason to believe that Mr. Krol's illness could have been related to his employment?

\* \* \*

"*A.* Oh, I think about two years later I read in papers by Dr. Molner and stuff like that that from being exposed to fumes, paint and different things like acid and stuff like that, could damage your brain; and that's what they were diagnosing in the hospital, at Ford and Ann Arbor, that he had a damaged brain, but they couldn't know—they didn't know where it was.

\* \* \*

"*The Referee:* \* \* \* When you say two years later, is this two years after your husband's death you are talking about?

"*A.* No, no—yes, after he is dead."

The board found that Mrs. Krol had notice of

the relationship between death and employment in November 1962. The board found that the employer received notice of Mrs. Krol's claim on June 4, 1963. The board found no proofs from which it could conclude "that the employer received notice or had knowledge of the alleged cause of death until they were served" with Mrs. Krol's application. The board denied Mrs. Krol's claim and the Court of Appeals affirmed.

We are mandated by Const 1963, art 6, § 28 and MCLA 418.861; MSA 17.237(861) to accept findings of fact made by the Workmen's Compensation Appeal Board. See *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96; 214 NW2d 794 (1974), and *Hlady v Wolverine Bolt Co,* 393 Mich 368; 224 NW2d 856 (1975).

Plaintiff believes *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974), controls. She claims defendant had notice of Mr. Krol's death. In *Norris,* the appeal board misapplied a decision of the Court of Appeals in concluding the employer was given insufficient notice of a personal injury. We reversed.

The notice which defendant received in this case indicated Mr. Krol had a brain necrosis of questionable etiology. The appeal board found no proof from which it could conclude that defendant knew the cause of Mr. Krol's death prior to being served with Mrs. Krol's application. The board in this case did not find the notice legally insufficient. They found no notice at all prior to June 4, 1963. *Norris* does not apply to these facts.

The remaining issue is whether the statutory requirement for timely notice was satisfied. The appeal board found that proper notice under the statute had not been given.

An occupational disease was not an injury for

which a remedy was provided by common law. Liability of the employer was created by express and specific statutory provisions. It is well established that such a statute must be strictly applied in cases which would take advantage of its terms. We cannot properly change its mandates:

"It is not within the province of this Court to read therein a mandate that the Legislature has not seen fit to incorporate. Our duty is to apply the law as we find it." *Jones v Grand Ledge Public Schools,* 349 Mich 1, 11; 84 NW2d 327 (1957).

A claim that the employer was not prejudiced by the delay in notice cannot change the statute. In *Kerkstra,* we found "no basis for the Court to add its own conditions to those provided by the Legislature".

The decisions of the appeal board and the Court of Appeals should be affirmed.

LINDEMER and RYAN, JJ., concurred with COLEMAN, J.