HILTON v GENERAL MOTORS CORPORATION

1. WORKMEN'S COMPENSATION—EMPLOYERS-EMPLOYEES—SUFFICIENT
   NOTICE—INJURY TO EMPLOYEES—STATUTES.

   The complaints by an employee to his supervisors regarding dust
   conditions in his place of employment were not sufficient, under
   the workmen's compensation statute regarding notice of death
   or disability, to give the employer notice of the employee's
   injured or disabled condition resulting from the dust where the
   employee never informed his supervisors that the dust condi-
   tions were causing him injury or were disabling him (MCLA
   418.441; MSA 17.237[441]).

2. APPEAL AND ERROR—WORKMEN'S COMPENSATION—WORKMEN'S COM-
   PENSATION APPEAL BOARD—EMPLOYERS-EMPLOYEES—OCCUPA-
   TIONAL INJURIES—FACT OF DISABILITY—CAUSE OF DISABILITY—
   TIMELY NOTICE—STATUTES.

   The Workmen's Compensation Appeal Board erred in failing to
   appreciate the significance of sickness and accident benefit
   information submitted to an employer by an employee 6 days
   after the employee had been informed by his own doctor of his
   occupationally-related emphysematous condition where such
   information provided the employer with notice of the fact of
   disability, as distinguished from notice of the cause of disabil-
   ity; this notice of the fact of disability was timely under the
   workmen's compensation statute which provides that an em-
   ployee must inform the employer of his disability within 120
   days after he learns of his disability and of its work-related
   nature (MCLA 418.441; MSA 17.237[441]).

3. WORKMEN'S COMPENSATION—EMPLOYERS-EMPLOYEES—INJURY—NO-
   TICE—SUFFICIENCY—FACT OF INJURY—CAUSE OF INJURY—STAT-
   UTES.

   Notice of a work-related injury occurring to an employee is
   sufficiently given to his employer if the employer is informed
   thereby of the fact of injury or disability; the sufficiency of such

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 82 Am Jur 2d, Workmen's Compensation §§ 442–456.
[4] 82 Am Jur 2d, Workmen's Compensation § 540 *et seq.*

notice does not turn upon whether the employer is or is not informed of the cause of disability; therefore, the fact that the employee indicates in sickness and accident benefit reports to the employer that the injury he received was not work-related does not make his notice insufficient under the workmen's compensation statute regarding notice of death or disability (MCLA 418.441; MSA 17.237[441]).

4. WORKMEN'S COMPENSATION—WORK-RELATED INJURIES—DETERMINATIONS—REFEREES.

A determination regarding the work-related nature of an injury under the workmen's compensation law is to be made by the workmen's compensation referee and not by the employer.

Appeal from the Workmen's Compensation Appeal Board. Submitted June 13, 1977, at Lansing. (Docket No. 29797.) Decided January 24, 1978.

Claim by Clyde H. Hilton against General Motors Corporation for workmen's compensation. Compensation granted. The Workmen's Compensation Appeal Board reversed. Plaintiff appeals by leave granted. Reversed.

*MacDonald, FitzGerald & MacDonald,* for plaintiff.

*Munroe & Nobach, P. C.* (by *Richard R. Weiser),* for defendant.

Before: D. E. HOLBROOK, JR., and ALLEN and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff appeals to this Court from an adverse decision entered by the Workmen's Compensation Appeal Board barring the plaintiff from relief under the Worker's Disability Compensation Act because he had failed to give timely and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sufficient notice of his disability to his employer under MCLA 418.441; MSA 17.237(441).

It is undisputed that the plaintiff was disabled as a result of an occupationally-related emphysematous condition. Plaintiff testified before the hearing referee that he had been employed at the Buick Motor Division of General Motors from 1955 to 1958, during which time he worked in the area of heat treatment and assembly. After a long layoff, the plaintiff returned to work in 1967, and from then until February 29, 1970, worked in the Buick Motor foundry, principally as a grinder. While working in the foundry he found the grinding machine dirty and dusty and filed a grievance complaining about dust emissions. He also complained to his foreman who advised plaintiff to wear a mask. Plaintiff tried wearing a mask but gave it up when he found he could not work with a mask, and informed his foreman. After working in the foundry for a year, plaintiff developed a shortness of breath, finding it generally difficult to breathe.

On February 27, 1970, plaintiff was transferred to the transmission plant where he was assigned to assembly and sub-assembly. On March 1, 1971, the appellant resigned his employment due to breathing difficulties and pains in his back and chest. On March 3, 1971, the plaintiff was medically informed by his own doctor of his emphysematous condition and its work-related nature. On March 9, 1971, the appellant submitted to the defendant an application for accident and sickness benefits. In the application form, the applicant was asked the question: "Do you claim that this disability was caused by your work for General Motors?" The plaintiff responded "No" to this question. When asked at the time of hearing why he had denied work relation of his disability, the

plaintiff stated that he did not know why he had so answered the form.

On appeal, the plaintiff contends that complaints as to dust levels made by plaintiff to his employer during his foundry employment constituted sufficient notice, as a matter of law, to satisfy the requirements of MCLA 418.441; MSA 17.237(441). This contention lacks support in the record. Although the plaintiff made various complaints about the dust conditions in the foundry to supervisory personnel during his employment at the foundry, the record does not reveal that the plaintiff ever informed supervisory personnel that the dust conditions were causing him injury or were disabling him. In the absence of such notice, we hold that complaints by an employee about the dust conditions in foundries are not sufficient to give an employer notice of an employee's injured or disabled condition under the test enunciated by the Supreme Court in *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974). Contrast *West v Northern Tree Co,* 365 Mich 402; 112 NW2d 423 (1961). As such, the board's finding in this regard was not lacking in evidentiary support and cannot be questioned upon appeal by this Court.

The board's decision was nonetheless erroneous in that it failed to appreciate the significance of the sickness and accident benefit information submitted by the plaintiff to the defendant on March 9, six days after the plaintiff had been informed of his disability by his own doctor. This notice of the fact of disability (as distinguished from notice of the cause of disability) was clearly timely under MCLA 418.441; MSA 17.237(441), which provides that an employee must inform the employer of his disability within 120 days after he learns of his disability and of its work-related nature. *Lewis v*

*Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975). The fact that the employee-plaintiff indicated therein that the injury was not work-related did not make this notice "insufficient" under the test of sufficiency enunciated in *Norris, supra.* Under *Norris,* notice is sufficient if the employer is informed thereby of the fact of disability or injury. Under the *Norris* test, sufficiency of notice does not turn upon whether the employer is or is not informed of the cause of disability. A determination of work relation is to be made by the hearing referee and not by the employer. *Norris, supra,* at 480.

Under *Lewis, supra,* the notice was timely, and under *Norris, supra,* the notice was sufficient; therefore, the board erred, as a matter of law, in holding the plaintiff barred from obtaining relief under the act. Accordingly, we reverse the decision of the Workmen's Compensation Appeal Board and reinstate the decision of the hearing referee awarding plaintiff benefits under the act.

We reached an opposite result in *Meads v General Motors Corp,* 78 Mich App 494; 260 NW2d 143 (1977), a case presenting very similar facts. However, in *Meads,* the plaintiff took normal retirement at age 65 and never complained to anyone about the poor air quality or its effects on his lungs. By contrast, this plaintiff repeatedly complained about the conditions, quit his job at age 50, and almost immediately filed a request for sickness disability benefits. Given these additional factors, we believe that *Norris, supra,* and the recently released *Krol v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976), require reversal of the appeal board's decision.

Reversed, costs to plaintiff.