MEADS v GENERAL MOTORS CORPORATION

Docket No. 60517. Decided June 5, 1978. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals.

Jimmie L. Meads was awarded workmen's compensation benefits for an occupational disease against his employer, General Motors Corporation, by a referee. The plaintiff worked for the defendant from 1926 until 1966, except for three years, mostly in grinding operations. For three months before he retired the plaintiff received extended sick leave benefits for pneumonitis, pulmonary emphysema and bronchial asthma. The plaintiff testified that he did not suspect a connection between his employment and his health problems until shortly before the petition was filed, five years after his retirement. The Workmen's Compensation Appeal Board reversed the award on the ground that the claim did not comply with the notice provisions of the Worker's Disability Compensation Act. The Court of Appeals, D. E. Holbrook, Jr., P.J., and Allen and D. R. Freeman, JJ., affirmed (Docket No. 29118). Plaintiff applies for leave to appeal. *Held:*

The question is whether there was sufficient notice to the defendant of the plaintiff's occupational disease and disability to require a report under the statute and thereby toll the statute of limitations. The records kept in the ordinary course of business concerning the plaintiff's extended sick leave establish that the defendant knew that the plaintiff suffered from bronchial asthma, pneumonitis and pulmonary emphysema at the time he became disabled. The plaintiff also was paid group insurance benefits because of his disablement until he retired. Pulmonary disability is a common result after many years of exposure to dust in grinding operations, and the environment in which the plaintiff worked was well known to the defendant. Therefore, the defendant had sufficient notice to make it aware that the plaintiff had an occupational disease. The employer chose not to notify the workmen's compensation bureau. Accordingly, the statutory time limits for the filing of notice and claim by the plaintiff were suspended.

The decision of the Court of Appeals is reversed and the award of benefits is reinstated.

78 Mich App 494; 260 NW2d 143 (1977) reversed.

*Rosenberg & Vigiletti, P.C.,* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser),* for defendant.

PER CURIAM. The issue in this case is whether the defendant employer was placed on sufficient notice of the plaintiff's disability before the filing of the plaintiff's petition for benefits so that the statute of limitations was tolled pursuant to MCLA 418.381; MSA 17.237(381).[1]

I

The plaintiff, who was born in 1900, first began working for General Motors in 1926. Except for a three-year hiatus from 1945 until 1948, he worked continuously for General Motors until his retirement on January 1, 1966. During most of his work experience for General Motors, he worked on jobs involving grinding. From 1951 through 1965 his job was on a grinding machine.

For the three months before his retirement the plaintiff was on extended sick leave for which he received extended sick leave benefits. Company records indicate that the causes of the plaintiff's extended sick leave were pneumonitis, pulmonary emphysema and bronchial asthma.

The plaintiff's petition for benefits was filed almost five years after his retirement. He testified that he did not suspect a connection between his employment and his lung problems until shortly before the petition was filed.

On November 27, 1972 the hearing referee found

[1] This opinion cites the present forms of the Worker's Disability Compensation Act. The pertinent provisions are substantially unchanged since the plaintiff's disability date in 1965.

that the plaintiff was totally disabled from an occupational disease. As a result, weekly payments were ordered at the maximum rate of $70 per week commencing October 1, 1965 and continuing until further order of the bureau. The defendant appealed the referee's award to the Workmen's Compensation Appeal Board which found that the plaintiff suffered a work-related disability. However, the board reversed the finding of the referee and denied benefits because the plaintiff did not comply with the notice provisions of the Worker's Disability Compensation Act. The board decision was affirmed by the Court of Appeals. 78 Mich App 494; 260 NW2d 143 (1977).

## II

The primary notice statute relevant to this case is MCLA 418.381; MSA 17.237(381), which reads in pertinent part as follows:

"(1) No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same * * * . In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau."

In this particular case the notice provision as

quoted is slightly modified by MCLA 418.441; MSA 17.237(441), which reads as follows:

"The requirements of notice of occupational disease and death resulting therefrom and the requirements as to the bringing of proceedings for compensation for disability or death resulting from such occupational disease shall be the same as required in chapter 3, except that the notice shall be given to the employer within 120 days after the disablement."

No report of injury or occupational disease was made by this defendant employer to the bureau at any time before the plaintiff filed his petition for hearing. The question is whether there was sufficient notice to the employer of plaintiff's occupational disease and disability to require such a report and thereby to toll the statute of limitations as to plaintiff's claim. We find that there was sufficient notice under the test announced in *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974).

The dissenting opinion in the Workmen's Compensation Appeal Board notes that:

"records kept in the ordinary course of business established that this employer knew at the time plaintiff became disabled that he suffered from 'bronchial asthma, pneumonitis, and pulmonary emphysema' which caused disablement beginning on September 22, 1965."

The records also show that the plaintiff was paid group insurance benefits because of his disablement until he retired on January 1, 1966. The defendant had every opportunity to report the disablement and its nature to the bureau as required by the statute. The employer did not do so.

The nature of the plaintiff's employment was

such that pulmonary disability is a common result after many years of exposure, as plaintiff experienced. Certainly the nature of the employment environment is well known to the defendant employer. This knowledge, coupled with the information surrounding the plaintiff's extended sick leave prior to retirement, is sufficient to place the employer on notice under the statute and to require the employer to make a report to the bureau. The failure of the employer to file the report resulted in a tolling of the statute of limitations.

In *Norris, supra,* Justice COLEMAN, writing for a unanimous Court, said:

"The notice given must be sufficient to make the employer aware that an injury has been sustained. If, after inquiry, the employer does not believe the injury to be compensable, it need not report the accident. However, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable. If such a determination occurs, the employer's penalty is a suspension of statutory limitations." 391 Mich 477.

The evidence shows that the defendant employer had timely notice of the plaintiff's occupational disease as a result of the information it had surrounding plaintiff's sick leave before his retirement. The employer chose not to notify the workmen's compensation bureau. Accordingly, the statutory time limits for the filing of notice and claim by the plaintiff were suspended.

In lieu of granting leave to appeal, and pursuant to GCR 1963, 853.2(4), we reverse the decision of the Court of Appeals and reinstate the order of the worker's compensation referee based upon our holding in *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974).

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLE-
MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR.,
JJ., concurred.