RAMOS v PRODUCTION STEEL COMPANY

Docket No. 77-1258. Submitted May 10, 1978, at Detroit.—Decided November 7, 1978.

Ismael Ramos suffered a heart attack while at his job at Production Steel Company on March 19, 1971. On February 24, 1972, he filed a petition for workmen's compensation benefits. The hearing referee ruled that Ramos had not received knowledge that his injury was work-related until shortly before the filing of the petition and that his notice of injury was therefore timely. Benefits were granted. Production Steel and its insurer, Argonaut Insurance Company, applied for review of the claim. The Workmen's Compensation Appeal Board reversed, holding that notice was not timely given. Ramos appeals by leave granted. *Held:*

1. Testimony by the plaintiff regarding his conversations with his doctor was sufficient to establish that he had notice that his heart attack was work-related as early as April of 1971.

2. The fact that the plaintiff was unaware of the existence of workmen's compensation and for that reason did not file his claim was not sufficient to toll the running of the statutory notice period. The appeal board correctly found that the notice period began to run in April of 1971.

3. Because the appeal board made no findings regarding whether the employer had knowledge of the injury and failed to notify the Bureau of Workmen's Compensation, and made no findings of whether the injury was in fact work-related, the case must be remanded for further findings of fact.

Decision vacated; remanded for further proceedings.

T. M. BURNS, J., concurred separately. Judge BURNS would conclude that by filing a claim for health and accident benefits for which purposes the employee filed a form with the em-

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 630, 631.

[2] 82 Am Jur 2d, Workmen's Compensation § 445.

[3, 5] 82 Am Jur 2d, Workmen's Compensation §§ 442-445, 453, 454, 681.

[4] 82 Am Jur 2d, Workmen's Compensation §§ 445, 681.

ployer weekly, Ramos gave the employer sufficient notice of the injury to satisfy the statute and to toll the running of the limitation period because of a failure of the employer to file a report with the Bureau of Workmen's Compensation. He concludes that the appeal board erred as a matter of law in holding that Ramos was barred from relief under the act. He would remand the case for a determination of whether the plaintiff's heart attack was a compensable injury.

### OPINION OF THE COURT

1. APPEAL AND ERROR—WORKMEN'S COMPENSATION—FINDINGS OF FACT—CONSTITUTIONAL LAW—STATUTES.

   Findings of fact made by the Workmen's Compensation Appeal Board are not to be disturbed on appeal if there is any evidence to support those findings (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKMEN'S COMPENSATION—NOTICE TO EMPLOYER—DISCOVERY OF DISABILITY—STATUTES.

   An injured employee must give his employer notice of the injury within three months of its occurrence in order to maintain an action for workmen's compensation benefits; this notice period commences when the employee has knowledge or reasonable grounds for knowledge of his disability and has discovered or by reasonable diligence could have discovered that his disability is work-related (MCL 418.381; MSA 17.237[381]).

3. WORKMEN'S COMPENSATION—LIMITATION OF ACTIONS—REPORT BY EMPLOYER—NOTICE TO EMPLOYER—STATUTES.

   The failure of an employer who has knowledge that an employee has been injured to report the injury to the Bureau of Workmen's Compensation tolls the running of the statutory limitation period against the claim of the injured employee; in order to so toll the running of the statutory period the notice given to the employer by the employee must be sufficient to make the employer aware that an injury has been sustained (MCL 418.381; MSA 17.237[381]).

### CONCURRENCE BY T. M. BURNS, J.

4. WORKMEN'S COMPENSATION—LIMITATION OF ACTIONS—REPORT BY EMPLOYER—STATUTES.

   *The six-month statute of limitations for making a claim for workmen's compensation by an employee does not begin to run until a report of the injury is filed with the Bureau of Work-*

*men's Compensation by the employer, where the employer has had notice of knowledge of the injury within three months of its occurrence (MCL 418.381; MSA 17.237[381]).*

5. WORKMEN'S COMPENSATION—STATUTES—NOTICE TO EMPLOYER—LIMITATION OF ACTIONS.

*An employee who suffered a heart attack on the job and who within days filed a claim for health and accident benefits, and who thereafter filed a form with his employer weekly, thereby gave the employer timely and sufficient notice of.the injury for purposes of the statute which requires an employer to report injuries to the Bureau of Workmen's Compensation or risk the tolling of the statute of limitations on the employee's claim for workmen's compensation benefits, notwithstanding that the employee indicated that the injury was not occupationally related (MCL 418.381; MSA 17.237[381]).*

*Goodman, Eden, Millender & Bedrosian* (by *Robert L. Millender* and *Robert A. Koory*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Edward K. Pedersen, Jonathan T. Kopit,* and *Richard F. Brennan*), for defendants.

Before: CYNAR, P.J., and T. M. BURNS and D. C. RILEY, JJ.

PER CURIAM. Plaintiff appeals from an adverse ruling of the Workmen's Compensation Appeal Board denying benefits for a disability caused by a heart attack.

Plaintiff, who is now 50 years of age, began working for defendant Production Steel Company in 1953. During the last 10 years of his employment, plaintiff's job was to guide large steel coils through a coil reducing machine. This job required considerable physical strength.

Plaintiff testified that on March 19, 1971, while pulling some steel on some rollers, he felt a pain in his abdomen. However, at the time he informed

no one of this problem. The following morning plaintiff was admitted to Hutzel Hospital under the care of his physician, Dr. Rose. It was then determined that plaintiff had suffered a heart attack.

On February 24, 1972, plaintiff filed a petition for worker's compensation benefits. Pursuant to hearings, the referee determined that plaintiff received a personal injury arising out of his employment. He further held that plaintiff did not receive notice of the connection between his incapacity and his employment until shortly before his petition for benefits was filed and that his notice of injury thus was timely.

On March 16, 1977, in a 3-2 opinion, the appeal board reversed, holding that plaintiff had not given timely notice of his injury. The board ruled that plaintiff received notice of the work-related nature of his disability on April 23, 1971, in a discussion with Dr. Rose. Plaintiff now attacks this conclusion, raising various arguments examined below.

Plaintiff first contends that the appeal board erred in ruling that he had notice of the work-relatedness of his injury on April 23, 1971. Such a finding of fact is not to be disturbed if there is any evidence to support it. *Carter v Kelsey-Hayes Co,* 386 Mich 610, 615; 194 NW2d 326 (1972), MCL 418.861; MSA 17.237(861) and Const 1963, art 6, § 28. The following testimony by plaintiff clearly supports the board's finding:

"Q. Did Dr. Rose tell you about the time you were in the hospital, or soon after you got out of the hospital, that he thought physical stress at work had brought on your problem?

"A. Yes, Dr. Rose told me it was physical stress.

"Q. Well, then, I assume that at the time you were in

Hutzel Hospital, then, that you knew then that this stress at work, at least you thought, might have brought on your heart condition, caused you to go into the hospital, is that correct?

"A. I didn't quite get that.

"Q. Well, at the time you were in the hospital, then, you knew, from talking to the doctors, that the physical stress you had at work brought on your heart condition, is that correct?

"A. No, I didn't know. I'm not, I'm not, I can't say anything other than what the doctor said, but I'm not a doctor and I didn't know that. The doctors told me—

"Q. (Interposing) Didn't the doctor tell you that?

"A. Yes, the doctor told me that it was physical stress, strenuous stress.

"Q. That you went through at work?

"A. That's correct.

"Q. Well, he told you that at the time you were in the hospital in March, is that correct?

"A. No, he told me that after I got out of the hospital.

"Q. Dr. Rose told you that?

"A. Dr. Rose.

"Q. How soon after you got out of the hospital did he tell you that?

"A. As I indicated a few minutes ago, this was one week after that, and then, my first visit to his office, then it was every four weeks.

"Q. Okay. So, you mean on your first visit to Dr. Rose after you got out of the hospital is when he indicated this to you?

"A. Yes, he did.

"Q. The physical stress at work brought on your heart condition, is that correct?

"A. That's correct."

Although Dr. Rose could not remember if such a conversation took place, plaintiff's testimony is sufficient to establish that in April of 1971 he had notice that his heart attack was work-related.

Plaintiff further contends that even if he had

knowledge of his heart attack and its work-related-ness in April of 1971, that is insufficient to start the running of the statutory notice period. Plaintiff argues that the period could not have commenced running until he learned of the existence of worker's compensation.

MCL 418.381; MSA 17.237(381) provides that in order to maintain an action for worker's compensation benefits an employee must give his employer notice of an injury within three months of its occurrence. The statute provides in pertinent part:

"(1) No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof."

In *Lewis v Chrysler Corp,* 394 Mich 360, 369; 230 NW2d 538 (1975), the Court held that the statutory period of notice commences to run only after the employee has knowledge or reasonable grounds for knowledge of his disability and the employee has discovered or by reasonable diligence could have discovered that his disability was work-related. No mention was made of a requirement that plaintiff have knowledge of the worker's compensation law and we decline to add such a requirement. Thus, the appeal board correctly held that the statutory notice period began to run on April 23, 1971, the date plaintiff learned his heart attack might be work-related.

However, this does not end the analysis of this issue. MCL 418.381(1); MSA 17.237(381)(1) states in pertinent part:

"In a case in which the employer has been given notice of the happening of the injury *or has notice or*

*knowledge of the happening of the accident within 3
months after the happening of the same,* and fails,
neglects or refuses to report the injury to the bureau as
required by the provisions of this act, the statute of
limitations shall not run against the claim of the in-
jured employee or his dependents, or in favor of the
employer or his insurer, until a report of the injury has
been filed with the bureau." (Emphasis added.)

Thus, the employer's actual knowledge can act to
toll the running of the statutory limitation period
when coupled with a failure to notify the bureau.
The question that must be confronted here is what
knowledge is sufficient to so toll the statute.

In *Norris v Chrysler Corp,* 391 Mich 469, 477;
216 NW2d 783 (1974), the Court stated the applica-
ble rule:

"The notice given must be sufficient to make the
employer aware that an injury has been sustained. If,
after inquiry, the employer does not believe the injury
to be compensable, it need not report the accident.
However, in not reporting the accident, the employer
assumes the risk that the injury will be found to be
compensable. If such a determination occurs, the em-
ployer's penalty is a suspension of statutory limita-
tions."

This standard was applied in *Krol v Hamtramck,*
398 Mich 341, 347; 248 NW2d 195 (1976), an
occupational disease case. Although *Meads v Gen-
eral Motors Corp,* 78 Mich App 494; 260 NW2d 143
(1977), attempted to introduce a further require-
ment that the employer know the injury or disease
is work-related, this decision was recently reversed
by the Michigan Supreme Court in *Meads v Gen-
eral Motors Corp,* 402 Mich 540; 266 NW2d 146
(1978). Thus, defendants' argument that this

Court's opinion in *Meads* controls this case is without merit. Similarly defendants' argument that the *Norris* standard should be applied prospectively must be rejected in light of its application in *Krol,* where the employee's death occurred 14 years prior to the decision in *Norris.* Nor are we convinced that anything in the Workmen's Compensation Bureau's rules in effect at the time of plaintiff's disability warrants a different conclusion.[1]

However, at this time, we decline to apply the *Norris* standard in the present case. The Workmen's Compensation Appeal Board has made no findings regarding this issue. Nor do we think this issue can be decided as a matter of law on the facts as given. Thus, we remand the case to the board for further factual findings. Specifically, the board should determine whether the employer had knowledge of plaintiff's heart attack within the 90-day period. An affirmative answer to this question would require that the statutory notice period be declared tolled. A negative answer to the question would necessarily lead to a rejection of plaintiff's claim for benefits.[2]

Furthermore, on remand, the board must confront the question of whether plaintiff's injury was, in fact, work-related. This issue was previously raised before the board by defendants but was never answered because the case was disposed

[1] 1968 AACS R 408.31 provided that an employer should immediately report all injuries or diseases arising out of the course of employment. However, that rule does not require that the employer know the injury was work-related. 1959 AACS R 408.33 was concerned with situations where the right to compensation was then in dispute and is not applicable here.

[2] Plaintiff's contention that the employer must show some prejudice as a result of the delay in notice in order to rely on the notice period is totally without merit. *See Thomas v Griffin Wheel Co,* 8 Mich App 35, 47–49; 153 NW2d 387 (1967), and *Brown v Revere Copper & Brass Corp,* 42 Mich App 143, 148; 201 NW2d 326 (1972).

of on the notice issue.[3] Such handling of cases leads to piecemeal appeals to this Court and should be discouraged.

The decision of the board is vacated and the matter remanded for proceedings consistent with this opinion. Costs to the prevailing party.

T. M. Burns, J. *(concurring).* I agree that the WCAB must make further fact-finding in this case, but I do not agree with all that is said in the majority opinion. I, therefore, write separately.

By a three to two division, the majority of the WCAB concluded that plaintiff had knowledge of the injury for which he seeks compensation on April 23, 1971. The board then stated the test of *Lewis v Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975), and concluded that plaintiff had failed to notify his employer of the injury in a timely manner under MCL 418.381; MSA 17.237(381). In so concluding, the WCAB erred.

Section 381 imposes obligations on employers and employees. An employee has an obligation to notify his employer within three months of sustaining the injury that the injury has occurred and must make a claim for compensation within six months thereafter. The employer has an obligation to report the accident to the bureau so that the employee may be informed of his rights. *Norris v Chrysler Corp,* 391 Mich 469, 476; 216 NW2d 783 (1974). If the employer has "notice or knowledge" of the accident within the three months, the

---

[3] Although the board's finding as to when plaintiff had notice of the work-relatedness of the heart attack strongly implies that they found the injury to be work-related, the board may simply have been assuming a connection between the heart attack and plaintiff's injury for purposes of the notice issue. Thus, this point must be clarified by further findings of fact. We express no opinion on this issue at this time and nothing said herein should be deemed relevant in resolving this factual issue.

six-month statute of limitations for making a claim for compensation does not begin to run until a report by the employer of the injury is filed with the bureau.

Two types of questions have arisen under § 381, whether the notice was timely and whether it was sufficient. Questions of timeliness are governed by *Lewis, supra.* Questions of sufficiency are governed by *Norris, supra.* See also, *Meads v General Motors Corp,* 402 Mich 540; 266 NW2d 146 (1978), *Krol v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976).

In this case the record clearly shows that plaintiff filed a claim for group health and accident benefits within days after his heart attack based on the happening of the heart attack. To receive these group insurance benefits, plaintiff filed a form with his employer weekly. Plaintiff apparently indicated in this form that the injury was not occupationally related. Notwithstanding that fact, I would conclude that filing for the group health benefits was both timely and sufficient notice to the employer of the injury under § 381 and, therefore, conclude the WCAB erred as a matter of law in holding plaintiff was barred from relief under the act.

The same conclusion was reached by a panel of this Court concerning an occupational disease on similar facts in *Hilton v General Motors Corp,* 81 Mich App 21, 24–25; 264 NW2d 102 (1978):

"The board's decision was nonetheless erroneous in that it failed to appreciate the significance of the sickness and accident benefit information submitted by the plaintiff to the defendant on March 9, six days after the plaintiff had been informed of his disability by his own doctor. This notice of the fact of disability (as distinguished from notice of the cause of disability) was

clearly timely under MCL 418.441; MSA 17.237(441), which provides that an employee must inform the employer of his disability within 120 days after he learns of his disability and of its work-related nature. *Lewis v Chrysler Corp*, 394 Mich 360; 230 NW2d 538 (1975). The fact that the employee-plaintiff indicated therein that the injury was not work-related did not make the notice 'insufficient' under the test of sufficiency enunciated in *Norris, supra.* Under *Norris,* notice is sufficient if the employer is informed thereby of the fact of disability or injury. Under the *Norris* test, sufficiency of notice does not turn upon whether the employer is or is not informed of the cause of disability. A determination of work relation is to be made by the hearing referee and not by the employer. *Norris, supra,* at 480.

"Under *Lewis, supra,* the notice was timely, and under *Norris, supra,* the notice was sufficient; therefore, the board erred, as a matter of law, in holding the plaintiff barred from obtaining relief under the act."

As *Meads, Norris* and *Hilton* make clear, once the employer has "notice or knowledge" of the injury, it is its responsibility to notify the bureau. If the bureau is not notified, the employer runs the risk that the board will find the injury compensible and, therefore, the statute of limitations to have been tolled. The employee does not have the responsibility to determine that his injury was compensable.

I would return this case to the WCAB for determination of whether plaintiff's heart attack was a compensable injury under the act.