SMITH v KELSEY-HAYES COMPANY (AFTER REMAND)

Docket No. 59925. Argued June 6, 1978 (Calendar No. 1).—Decided
    December 27, 1978. Rehearing denied 406 Mich 1102.

The Workmen's Compensation Appeal Board denied Cyril Smith
    workmen's compensation benefits against his employer, Kelsey-
    Hayes Company, on the ground that, although the plaintiff had
    suffered a work-related injury, he failed to give the defendant
    either timely notice of injury or timely notice of claim as·
    required by statute. The Court of Appeals, Bashara, P.J., and
    J. H. Gillis and N. J. Kaufman, JJ., denied leave to appeal
    (Docket No. 25641). The Supreme Court remanded to the Court
    of Appeals for consideration in the light of the decision in *Krol
    v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976). On re-
    mand, the Court of Appeals, Bashara, P.J., and J. H. Gillis, J.
    (N. J. Kaufman, J., dissenting), denied leave to appeal (Docket
    No. 77-1463). Plaintiff appeals. *Held:*

    The question of notice is one of fact and the Workmen's
    Compensation Appeal Board's findings are binding on the Court
    if there is evidentiary support. There is no indication in this
    record that the plaintiff ever reported his injury to the defend-
    ant. The fact that the plaintiff informed his foreman of the
    condition of the *machinery* which caused the accident is clearly
    not sufficient notice. The statute requires notice of the *injury,*
    not notice of the accident. The record supports the conclusion
    that the· first notice of injury and notice of claim to the
    defendant was given when the plaintiff filed his petition for
    hearing nearly nine months after the injury. There is clear
    evidence in the record that at least as early as four months
    after the accident the plaintiff had concluded that his problems
    were traceable to the accident at work. Therefore, the plaintiff
    did not comply with the notice provisions of the statute.

    Affirmed.

*Sablich, Ryan, Dudley, Rapaport & Bobay, P.C.,*
for plaintiff.

*Lacey & Jones* (by *John L. Salter)* for defendant.

Per Curiam. The plaintiff in this case allegedly suffered a work-related injury to his back while in the employ of the defendant in July of 1972. In March of 1973 he filed a petition for benefits. The hearing referee found that the plaintiff had suffered a personal injury on July 15, 1972 and awarded benefits. The defendant appealed to the WCAB. That tribunal, in an opinion and order dated August 13, 1975, reversed the hearing referee and denied compensation benefits. In doing so, the WCAB concluded that although the plaintiff had indeed sustained a work-related injury on July 15, 1972, the plaintiff had failed to provide the defendant either with timely notice of injury or timely notice of claim as required by MCLA 418.381; MSA 17.237(381).

The plaintiff filed an application for leave to appeal in the Court of Appeals. On November 6, 1975, the Court of Appeals denied leave to appeal.

The plaintiff then filed an application for leave to appeal in this Court. By order dated June 30, 1976, we ordered the application to be held in abeyance pending decision in the case of *Krol v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976). After *Krol* was decided, we remanded the matter to the Court of Appeals for consideration in light of our decision in that case. 399 Mich 886 (1977).

On remand, the Court of Appeals, after considering the matter in light of *Krol,* once again denied leave to appeal. We thereafter granted leave to appeal. 402 Mich 803 (1977).

The issue presented is whether the WCAB correctly concluded that the plaintiff in the instant case had failed to provide the defendant with timely notice of injury and timely notice of claim as required by MCLA 418.381; MSA 17.237(381). That statute provides in relevant part:

"(1) No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or in case of the death of the employee, within 12 months after death; * * *. In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau."

The facts as found by the WCAB are as follows:

"His [plaintiff's] testimony also establishes that he did not go to the plant first-aid facility with any report of injury, and that he thereafter worked all scheduled days and hours until the start of a strike, August 3, 1972. During that strike he began to get leg and back cramps and saw his family doctor, a Dr. Bouten. He did not return to work when the strike ended, and applied for group insurance benefits *disclaiming* any work cause on the form filed.

"Plaintiff had disc surgery in November, 1972. Surgeon Charles Rasmus, D.O., was deposed and testified it was a 'reasonable medical conclusion' that the described incident caused the disc rupture found. He also found plaintiff still disabled (as of May 23, 1973) from lift-truck driving. We here find as fact the work incident caused the disc condition and the current disability.

"However, while plaintiff may have told his doctor of the causal relationship (a matter not made completely clear on this record), plaintiff specifically denies ever reporting a work disability to any defendant agent. This was in addition to denying work relationship on his

group insurance form and never making any first-aid visit.

"First notice and claim were given simultaneously, subsequent to plaintiff filing a petition for hearing with the bureau, March 6, 1973, nearing eight months later.

"Plaintiff having abandoned any claim for occupational disablement (Chapter IV) at the hearing, and having proven a specific injury (Chapter III) his obligation was to give notice of the injury 'within 3 months after the happening thereof' and make claim 'within 6 months after the occurrence of the same'. Neither was done."

We have examined the record in this case and find support in it for the findings of fact of the appeal board. The question of notice is one of fact and the WCAB's findings are binding on the Court if there is evidentiary support. *West v Northern Tree Co,* 365 Mich 402; 112 NW2d 423 (1961). There is no indication in this record that the plaintiff ever reported the injury sustained to the defendant or any of defendant's agents. The record does reveal that the plaintiff informed his foreman of the condition of the machinery which had caused the accident. However, that is clearly not sufficient. The statute requires notice of the injury, not notice of the accident. The record supports the conclusion that the first notice of injury and notice of claim which the defendant received occurred when the plaintiff filed his petition for hearing nearly nine months after he sustained the injury.

The plaintiff argues on appeal, however, that the running of the limitations period should be tolled because he did not know that his injury might be work-related until the surgeon who subsequently operated on his back testified to that effect during the course of a deposition on August 31, 1973. It is argued that this Court's decision in *Lewis v Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975), and

in *Krol, supra,* mandate a ruling that the notice periods under the statute should not have begun to run until August 31, 1973. The plaintiff argues that, pursuant to those cases, the notice periods should not begin to run until he actually knew or should have known that the injury was work-related.

The record itself belies the plaintiff's representation that he did not learn of the work-relatedness of his injury until August 31, 1973. The plaintiff testified at the hearing that he had no back trouble prior to July of 1972. The plaintiff further testified that shortly after the accident he experienced cramping of the legs as well as pain in his back. Finally, in the month of August the pain drove him to see his family doctor, Dr. Bouten. The plaintiff initially indicated that he couldn't remember whether he told Dr. Bouten about his injury at work. However, during the course of direct examination, the plaintiff corrected himself and indicated that he was sure he had told Dr. Bouten of his work injury. Most tellingly, the deposition testimony of the surgeon who eventually operated on the plaintiff's back in November of 1972 clearly indicates that when the plaintiff first was treated by him on November 3, 1972, plaintiff traced his injury to the incident at work:

"*Q.* And when was it, sir, that you first saw this man?

"*A.* November 3, 1972.

"*Q.* Were any complaints made to you at that time? What did the man tell you, or what did the doctor tell you, either way?

"*A.* Well, the man's chief complaint at that time consisted of low back pain and lower extremity pain with predominate right sciatic radiation.

"*Q.* Was any history given to you as to onset?

"A. The patient indicated that he had sustained an injury to his back at work while driving a vehicle."

Thus there is clear evidence in the record that at least as early as November 3, 1972, the plaintiff had concluded that his problems were traceable to the incident at work. However, defendant's first notice of injury and notice of claim were not received until March of 1973. The record supports the conclusion of the WCAB that the plaintiff did not comply with the notice requirements of MCLA 418.381; MSA 17.237(381).

Affirmed.

KAVANAGH, C.J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.