NICHOLSON v LANSING BOARD OF EDUCATION

Docket No. 66414. Submitted April 6, 1983, at Lansing.—Decided July 20, 1983.

William C. Nicholson suffered a stroke at home on January 9, 1973. While Nicholson felt the stroke to be work-related even while he was still in the hospital, he did not give notice to his employer, the Lansing Board of Education, or the employer's insurer, the Aetna Casualty & Surety Company, that he felt he had a work-related injury or make a claim for workers' compensation benefits until July, 1978. A referee awarded workers' compensation benefits, and the Workers' Compensation Appeal Board affirmed that award, holding that the stroke was work-related and that the employer's knowledge of the fact of the stroke was sufficient notice of injury. The employer and insurer appeal by leave granted. *Held:*

Knowledge by the employer of the fact that a claimant had suffered a stroke is not sufficient to give rise to the statutorily required notice to an employer of an injury. The failure to give adequate timely notice of injury precludes the awarding of the workers' compensation benefits.

Reversed.

HOOD, J., dissented. He would hold that the knowledge of the stroke by the employer was sufficient to satisfy the notice of injury requirement. He would affirm.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — NOTICE OF INJURY.

Notice of a work-related injury for the purpose of seeking workers' compensation benefits is not timely given by an employee with respect to a stroke suffered away from the job where the employer is made aware of the fact of the stroke but is not, within the notice of injury limitation period, informed that the employee believes his condition to be work-related (MCL 418.381; MSA 17.237[381]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 445.
[2] 82 Am Jur 2d, Workmen's Compensation § 453.

Dissent by Hood, J.

2. Workers' Compensation — Notice of Injury.

> Knowledge by an employer that an employee has suffered a stroke satisfies the notice of injury provision of the workers' compensation act in effect in 1973 irrespective of whether the employer had notice that the injury was work-related or that the injury was compensable under the act (MCL 418.381; MSA 17.237[381]).

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Theodore P. Ryan),* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Deborah A. Deprez),* for defendants.

Before: D. E. Holbrook, Jr., P.J., and Hood and T. M. Green,* JJ.

Per Curiam. Defendants appeal by leave granted from a Workers' Compensation Appeal Board (WCAB) decision affirming an award of compensation benefits to plaintiff by the referee.

Plaintiff began working for the Lansing School District as a janitor in 1963. During three months prior to January 9, 1973, plaintiff was experiencing pain in his head and periods of fatigue. Plaintiff did not miss any work during this period, nor did he ever report any of these complaints to his employer. On the morning of January 9, 1973, plaintiff experienced pain in his head which he described as like being struck with a sledge hammer. Plaintiff was taken to the hospital where he underwent surgery for a "spontaneous subarachnoid hemmorrhage", a stroke. While in the hospital, plaintiff realized that in his opinion the stroke was work-related. However, despite this belief, plaintiff did not notify his employer of any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

possible injury pursuant to MCL 418.301; MSA 17.237(301), nor did he make any claim for compensation benefits until July, 1978, well over 5-1/2 years after the stroke. Although defendants knew plaintiff did not report for work on January 9, 1973, because he had a spontaneous subarachnoid hemmorrhage, defendants did not know plaintiff had a compensable injury until they received said claim.

In compensation cases the law in effect at the time of the relevant injury must be applied. *Wallin v General Motors Corp*, 317 Mich 650; 27 NW2d 122 (1947). At the time of plaintiff's stroke the workers' compensation statute provided in pertinent part:

"(1) No proceedings for compensation for injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be made either orally or in writing, has been made within 6 months after the occurrence of the same; * * *." MCL 418.381; MSA 17.237(381).

Having reviewed the records and briefs herein, we find plaintiff is not entitled to workers' compensation benefits because he failed to give notice to his employer of a work-related injury within 90 days after he was able to report that injury. Additionally, plaintiff did not make a claim for compensation benefits within the six-month limitation period despite his claimed knowledge of his alleged work-related injury. *Smith v Kelsey Hayes Co*, 1965 Work Comp Ops 2369, aff'd 404 Mich 70; 273 NW2d 1 (1978). We disagree with the WCAB's apparent ruling that any time an employer has knowledge of an employee's absence from work for

any sickness or injury, even if the employer had no reason whatsoever to suspect that the condition would be work-related, such as the case herein, and even if the sickness or injury manifested itself outside of the work place, that said employer had sufficient notice under § 381 so as to require the filing of a report of injury. Hence, we hold plaintiff is precluded from receiving said benefits and the WCAB decision is accordingly reversed.

Reversed.

Hood, J. *(dissenting)*. I must respectfully dissent. At the time plaintiff suffered his stroke MCL 418.381; MSA 17.237(381) provided:

"(1) No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of same; or in the case of the death of the employee, within 12 months after death; * * *. In a case in which the employer has been given notice of the happening of the injury *or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his insurer, until a report of the injury has been filed with the bureau.*" (Emphasis added.)

The defendants admit that the employer in this case had knowledge of plaintiff's stroke the day after it occurred. Nevertheless, the employer failed to report that injury to the bureau. The Supreme Court precedents clearly state that an injury that is within the employer's knowledge must be re-

ported to the bureau if the employer wishes to retain the six-month statute of limitations defense. *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974); *Krol v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976); *Meads v General Motors Corp,* 402 Mich 540; 266 NW2d 146 (1978); *Combs v Michigan Mobile Homes,* 406 Mich 507; 280 NW2d 451 (1979).

The employer need not have knowledge that the injury is work-related or compensable before it is required to report that injury. *Meads, supra.*

"To hold that defendant was charged with reporting only *compensable* injuries in order to impose the statutory limitations would be to hold that defendant was charged with judging the merits of the case. To the contrary, it was and remains the duty of the referee (with appellate levels provided) to determine compensability. The employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations. Conversely, the employer need not report all or any injuries, but in failing to do so pays the price of suspension of statutory limitations." *Norris, supra,* p 480 (emphasis in original).

In this case the employer did not know whether plaintiff's stroke was work-related but knew plaintiff suffered that injury. By failing to report plaintiff's injury to the bureau, the defendants waived the statute of limitations defense. See *Ramos v Production Steel Co,* 87 Mich App 30; 273 NW2d 578 (1978).

Therefore, I would affirm.