ADAMS *v.* NOVO ENGINE CO.

1. APPEAL AND ERROR—EVIDENCE—OBJECTION TO TESTIMONY SHOULD
   BE SPECIFIC.

    Objection that testimony offered was incompetent, as being
    equally within knowledge of deceased, is not available on
    appeal, where only objection to it at hearing was that it was
    incompetent.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—
   WEIGHT OF EVIDENCE.

    On reviewing order of department of labor and industry,
    Supreme Court does not weigh evidence, but confines its
    determination to ascertaining whether there is any compe-
    tent evidence to support finding of department.

3. SAME—VIOLATION OF INSTRUCTIONS.

    Where finding of department of labor and industry that at
    time employee sustained injuries resulting in his death he
    was acting in violation of his foreman's instructions is sus-
    tained by evidence, order denying compensation to his de-
    pendents is affirmed, on appeal.

Appeal from Department of Labor and Industry.
Submitted June 13, 1933. (Docket No. 103, Calen-
dar No. 35,004.) Decided August 29, 1933.

Mamie Adams and another presented their claim
against Novo Engine Company, employer, and Mich-
igan Mutual Liability Company, insurer, for the ac-
cidental death of Huston Johnson while in defend-
ant's employ. From order denying compensation,
plaintiffs appeal. Affirmed.

*R. M. Van Dyne* and *Dudley Mallory,* for plain-
tiffs.

*L. J. Carey* (*R. B. Hart* and *George J. Cooper,* of counsel), for defendants.

NORTH, J.   Plaintiffs are respectively mother and brother of Huston Johnson, whose death resulted from an injury received at the time he was in the employ of the Novo Engine Company.   As alleged dependents plaintiffs made claim for compensation. Upon review before the department of labor and industry, plaintiffs' claim was disallowed, on the ground that the accident resulting in the death of the employee did not arise out of and in the course of his employment.

We quote the following from the opinion of the department:

"There were two overhead cranes in the plant in which the decedent was working, known as the east and west cranes.   He was engaged to operate the east crane, and one Tony was employed to operate the west crane.   The west crane was out of repair and defendant's foreman had directed that it be placed in what is known as a neutral zone between upright posts.   The operator of the crane went to the cab from which the crane was operated by ascending ladders attached to the posts at the side of the bay over which the crane operated.   The decedent was not employed to operate the west crane and at this time the crane was out of repair.   The electricians were on the crane repairing it.   The decedent, without any authority and contrary to instructions given to him by his foreman, attempted to go to the cab of the west crane.   He evidently ascended the ladders on one of the posts and shinned along the rail to where the crane was standing.   His foot accidentally came in contact with a live wire and he was injured.   He fell to the floor below, a distance of about 25 feet, resulting in injuries causing his death on the day of his accident."

After noting that both parties were subject to the compensation law, and that since deceased was killed while working at defendant's plant the burden was upon defendant to show that the accidental injury resulting in his death did not arise out of and in the course of his employment (*Papinaw* v. *Railway Co.,* 189 Mich. 441 [12 N. C. C. A. 243]; *Wishcaless* v. *Hammond, Standish & Co.,* 201 Mich. 192), the opinion of the department continues:

"But if the decedent violated the instructions of his foreman in going on this crane, he having no duty there to perform, and being in a place where his duties did not call him to be, his dependents cannot recover compensation. There is no proof upon the part of the plaintiff justifying the decedent's being on this particular crane. There is no evidence on the part of the plaintiff which would justify a finding of fact that he was on the west crane in pursuance of any duty he had to perform for his employer. On the other hand, there is evidence on the part of the employer that he was there in violation of instructions from his foreman. * * *

"It is clearly established that the decedent was at a place where his duties did not call him to be, and in violation of his employer's instructions. His dependents cannot recover compensation on account of his death. This case is controlled by the cases of *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125 (L. R. A. 1916A, 17, 9 N. C. C. A. 647); *Buvia* v. *Oscar Daniels Co.,* 203 Mich. 73 (7 A. L. R. 1301); and *Gacesa* v. *Consumers Power Co.,* 220 Mich. 338 (24 A. L. R. 675)."

We quote from the testimony bearing upon the question of whether the employee was acting in violation of his employer's instructions at the time of the accident:

"(Herman Rapelje)   *Q.*   Were you employed by the Novo on the day Huston Johnson met his death?

"*A.*   Yes, sir.

"*Q.*   What is your capacity?

"*A.*   Foreman, foundry department.   *   *   *

"*Q.*   How long before the accident were you at the scene?   *   *   *

"*A.*   I was there not exceeding five minutes.

"*Q.*   Did you see Huston Johnson at that time?

"*A.*   He was standing down at the south of the crane.

"*Q.*   Did he say anything to you?

"*A.*   He did.

"*Q.*   What did he say to you?

"*A.*   He said, 'How am I going to get that dinner pail?'

"*Q.*   What did you say to him?

"*Mr. Wilson.*   I object to that as being incompetent, what was said between these parties five minutes before.

"*Commissioner:*   He may answer.

"*Q.*   What did you say to him?

"*A.*   'Stay to hell away from that crane.'

"*Q.*   Did Huston Johnson have any duty that called him to get upon that west crane?

"*A.*   No, sir.

"*Q.*   And you told him five minutes before that to stay to hell off that crane, is that correct?

"*A.*   Yes."

While the testimony is not very definite, it appears that the dinner pail referred to probably belonged to another employee who operated the west crane. The question of admissibility of the testimony offered to show that decedent at the time of his injury was acting in violation of his employer's orders is of prime importance. Rapelje was the only witness who testified on this phase of the case. Appellants urge in their brief that his testimony above quoted

was incompetent, as being equally within the knowledge of the deceased. 3 Comp. Laws 1929, § 14219. This question was not passed upon in the opinion rendered by the department. We think the record justifies the conclusion that it was not properly presented by the record or relied upon. The only objection made to this testimony was: "I object to that as being incompetent, what was said between these parties five minutes before." There was no intimation whatever that the objection was based upon the statute; but instead, the fair inference is that counsel contended the testimony was inadmissible because in point of time it did not coincide more closely with the accident. Obviously, objection on such ground is untenable.

"It is the duty of a party objecting to the admission of evidence, to state the ground of his objection with perspicuity, that the court and the opposing party may not be misled by it." *Hoard* v. *Little,* 7 Mich. 468.

See, also, *Stevens* v. *Hope,* 52 Mich. 65; *Merkle* v. *Township of Bennington,* 68 Mich. 133.

"Where the objection to the introduction of a lease in evidence is that the party offering it has not called either of the subscribing witnesses to prove its execution, the specific objection should be pointed out so that the court can remove it by calling the witnesses; it is not enough to object to it as incompetent and immaterial." *Jochen* v. *Tibbells* (syllabus), 50 Mich. 33.

"A contention that the contents of a lost execution were not sufficiently proved will not be sustained, on appeal, where there was proof of a valid judgment, and the issue and levy of an execution thereunder, and the only objection to the testimony was that

it was 'incompetent and immaterial.' "   *Crane* v.
*Waldron* (syllabus), 135 Mich. 73.

Regardless of the merits of the objection now asserted in appellants' brief, it was not fairly presented at the hearing, and cannot be sustained in this court.   To hold otherwise would afford the means of tricking a party litigant into relying upon the record made at the hearing, where it might have been amplified, and on appeal being confronted for. the first time with an objection which would defeat the accomplishment of justice.

With the quoted testimony in the record, the holding of the commission on the issue of fact, that at the time of his injury the employee was acting in violation of instructions, must be sustained.   On review, the Supreme Court does not weigh the evidence, but confines its determination to ascertaining whether there is any competent evidence to support the finding of the commission.   *Beaty* v. *Foundation Co.,* 245 Mich. 256.   The instant case is very similar to *Bischoff* v. *American Car & Foundry Co.,* 190 Mich. 229.   See, also, *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125 (L. R. A. 1916A, 17, 9 N. C. C. A. 647).

The determination of the department is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.