GATES *v.* GENERAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION — REPORT OF INJURY — STATUTE OF LIMITATIONS.

   The limitation period in the workmen's compensation act does not begin to run if the employer, having knowledge of an injury, fails to file a report in accordance with the statute (CL 1948, § 412.15).

2. SAME—KNOWLEDGE AND REPORT OF INJURY—STATUTE OF LIMITATIONS.

   Defendant employer *held,* to have knowledge of plaintiff's arm injury, where it appears he was not able to do his regular work for a period of 2 or 3 weeks, hence, employer was not entitled to benefit of limitation period within which an employee must file a claim, where no report of the injury was filed as provided in the workmen's compensation act (CL 1948, § 412.15).

3. SAME—UNREPORTED INJURY—REDEMPTION AGREEMENT AS TO SUBSEQUENT INJURY.

   A redemption of liability agreement, entered into between plaintiff and defendant pursuant to the workmen's compensation act with respect to back injury suffered in August, 1950, but which was silent with respect to a previous injury to plaintiff's arm, as well as omitting any statement as to total disability, would not preclude recovery for workmen's compensation for such previous unreported injury which the workmen's compensation commission found, upon competent evidence, to have resulted in total disability as of a date subsequent to the agreement.

4. SAME—FINDING OF FACT—EVIDENCE.

   The Supreme Court does not reverse the workmen's compensation commission on a finding of fact that is sustained by competent evidence (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 326.
[2] 58 Am Jur, Workmen's Compensation § 384.
[4] 3 Am Jur, Appeal and Error § 897.
[5, 6] 58 Am Jur, Workmen's Compensation § 307.

5. SAME—ILLEGITIMATE CHILDREN—AUGMENTED AWARD.

 Award of workmen's compensation was properly augmented because of dependency of 2 illegitimate children of plaintiff employee, who were living with him as members of his family and wholly dependent on him for support (CL 1947, § 412.9, as amended by PA 1949, No 238).

6. SAME—DEPENDENCY AWARD—AUGMENTATION FOR BENEFIT OF CHILDREN.

 The augmentation of an award of workmen's compensation by reason of the fact that an injured employee had dependent children is for the benefit of the children who are members of the family and wholly dependent on him for support (CL 1948, § 412.9, as amended by PA 1949, No 238).

SHARPE and CARR, JJ., dissenting in part.

Appeal from Workmen's Compensation Commission. Submitted April 4, 1957. (Docket No. 39, Calendar No. 46,587.) Decided July 31, 1957.

L. C. Gates presented his claim for compensation against Central Foundry Division, General Motors Corporation, for injuries to arm which occurred prior to a back injury upon claim for which settlement was made. Award to plaintiff included allowance for 2 illegitimate children. Defendant appeals. Affirmed.

*Roy De Gesero,* for plaintiff.

*Henry M. Hogan (Stuart McCallum, G. W. Gloster* and *E. H. Reynolds,* of counsel), for defendant.

SHARPE, J. *(dissenting).* Upon leave being granted, defendant appeals from an award of compensation granted to plaintiff. The essential facts are not in dispute. Plaintiff, L. C. Gates, came into employment with defendant, Central Foundry Division, General Motors Corporation, in June, 1945, and was assigned to the grinding of castings, some of which

weighed 93 to 100 pounds. These castings were processed at the rate of about 12 to 16 per hour, as shown by the record in this case.

On or about March 16, 1950, a casting weighing about 100 pounds fell from the top of a pile of castings and struck plaintiff on the right arm just below the elbow. He went to first aid where he had his arm bandaged. He was again treated for this injury during the following 2- or 3-week period. It also appears that in July, 1950, plaintiff suffered a back injury while in the employ of defendant. After his back injury plaintiff continued to work at alternate periods of light and heavy work until September, 1951, at which time he was laid off and has not worked since.

On October 10, 1951, plaintiff filed an application for hearing and adjustment of claim relating to the July, 1950, injury. This application states: "Nature of disability—Ruptured Disc." On January 15, 1952, an agreement to redeem liability was entered into providing for the payment of $4,474 to plaintiff. Testimony was taken with respect to the redemption agreement and no claim of disability was made at that time relative to plaintiff's arm injury.

On June 22, 1953, plaintiff filed an application for hearing and adjustment of claim alleging that he suffered a personal injury which occurred on or about July, 1950, when a flask fell from a pile striking his right elbow and arm. On the date of hearing, December 28, 1953, the date of the arm injury was amended to March 16, 1950.

After the hearing Deputy Commissioner Nolan made the following award, finding:

"1. That the above-named employee did receive a personal injury arising out of and in the course of his employment by the above-named employer on 3–16–1950. * * *

"3. Names and ages of minor dependents: None. Living with 'Essie' while not divorced from legal wife. Had 3 illegitimate children.

"Further, I find that: Plaintiff failed to make claim within the period provided by the act and is therefore not entitled to compensation benefits."

Plaintiff appealed the above decision to the workmen's compensation commission and in an opinion the commission stated:

"We specifically find as follows: Plaintiff sustained an injury to the right arm and elbow as the direct result of a casting falling upon his arm on March 16, 1950. The injury arose out of and in the course of employment. As the direct result of such injury plaintiff was totally disabled from performing the work which he was doing on the date thereof for a period of 2 to 3 weeks from March 16, 1950 and from March 4, 1953 when his condition and disability were diagnosed and determined by Dr. Donald C. Durman. Plaintiff was in need of surgery at the date of hearing. His condition had become progressively worse. There is ample competent evidence to support a continuing award from December 28, 1953, the date of hearing. Defendant was under a statutory duty to file a report of injury after plaintiff had been disabled for more than 7 days in March, 1950. Having failed to do so defendant is not entitled to assert that plaintiff's claim for compensation was not seasonably filed. Defendant's contentions as to laches and *res judicata* are without merit. Plaintiff's average weekly wage on March 16, 1950 was $63.60. On that date plaintiff's minor children, L. C. Gates, Jr., and Patricia Gates, born of plaintiff's relationship with Essie P. Gates, were living with plaintiff as members of his family and were wholly dependent upon plaintiff for support. Such children shall be treated as dependents for the purpose of this proceeding.

"Plaintiff is entitled to compensation for total disability at the rate of $28 per week from March 4,

1953 until the further order of the commission. Plaintiff is also entitled to all necessary reasonable medical, surgical and hospital services and medicines for treatment of his injury."

Defendant appeals and urges that the workmen's compensation commission erred in finding that plaintiff had been disabled for more than 7 days, thereby requiring defendant to report such injury as required by part 2, § 15, of the workmen's compensation act of Michigan (CL 1948, § 412.15 [Stat Ann 1950 Rev § 17.165]), which provides:

"And provided further, That in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission."

Under the above act the limitation period of the act does not begin to run if the employer has knowledge of the accidental injury and fails to file a report. In the case at bar there is competent evidence that defendant had knowledge of the injury.

It also appears that after the injury plaintiff was not able to do his regular work for a period of 2 or 3 weeks. We hold that under these circumstances plaintiff was disabled for a period of more than 7 days, and defendant was required to file the statutory report if it seeks the benefit of the statutory limitation.

Defendant also urges that plaintiff having accepted the sum of $4,474 for total disablement for a back injury is now estopped to claim compensation for

total disablement for an arm injury. We note that the agreement to redeem liability contains the following:

"L. C. Gates was an employee of General Motors Corporation, Central Foundry Division, and on or about August 14, 1950, he received an injury arising out of and in the course of his employment and that as a result of such injury weekly payments have been made to L. C. Gates by the employer for not less than 6 months and that: Plaintiff began to notice back complaints in the summer of 1950. There is an issue as to whether his back condition was caused by his employment. To settle this issue, plaintiff wishes to redeem all liability that the employer may have for the amount stated therein."

We also note that the above order makes no statement of total disability. However, the record does show that on October 10, 1951, plaintiff filed an application for hearing and adjustment of claim alleging a ruptured disc occurring on or about July, 1950. An order was entered March 12, 1952, approving the agreement for redemption of liability. It also appears that on June 19, 1953, plaintiff made a claim for compensation for injury to his arm, and the commission made an award of compensation for total disability from March 4, 1953, in the amount of $28 per week. We do not find anything in the redemption agreement relating to the arm injury. The disability for which plaintiff made a settlement was from the date of the injury to the date of the redemption agreement on January 15, 1952.

The commission found plaintiff suffered total disability beginning March 4, 1953. There may be a question of fact as to the overlapping disability, but the commission by their order held that there was no overlapping disability. There is evidence in this case from which the commission could find that plaintiff suffered total disability as of March

4, 1953. In such cases we do not reverse the commission.*

It is also urged that plaintiff is not entitled to increased benefits† by reason of the fact that he is the father of 2 illegitimate children. There appears to be no dispute that at the time of plaintiff's injury he had a wife and daughter living in Louisiana and that he was living with and had 2 children as a result of his illicit cohabitation with a woman in Saginaw. We again hold as we did in *McDonald* v. *Kelly Coal Company*, 335 Mich 325, 330, that such act does not create a family relationship entitling plaintiff to increased compensation. In that case we said:

"We are of the opinion that in order to create a family relationship there must exist a condition devoid of moral turpitude. * * * Public policy does not sanction the payment of compensation arising out of meretricious cohabitation."

To do so would put a premium upon immoral acts. This we decline to do.

The award should be remanded to the workmen's compensation commission for entry of an award in harmony with this opinion. No costs are allowed as neither party has prevailed in full.

Carr, J., concurred with Sharpe, J.

Edwards, J. I agree with my Brother's opinion in this case in all respects except as to the question of the augmentation of the benefits as the result of dependency on claimant of 2 of *his* minor children. My Brother cites *McDonald* v. *Kelly Coal Co.*, 335 Mich 325, as authority for denying augmentation of compensation in the instant case.

---

* See CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186.—Reporter.
† See CL 1948, § 412.9, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.159).—Reporter.

In *McDonald, supra,* this Court held that no augmentation would be allowed where a claimant had voluntarily assumed support of children not his own, previously born to a woman with whom he was living in illegal cohabitation. No comparable fact situation is now before us. Plaintiff in the instant case is established by this record as the father of the 2 children born out of wedlock for whom augmentation is claimed.

There appears to be no dispute but that he has supported and is continuing to support them as Michigan law requires him to do even though they were the product of an illegal relationship. CL 1948, § 722.601 *et seq.* (Stat Ann 1957 Rev § 25.451 *et seq.*).

On the question of dependency of these 2 minor children, the workmen's compensation commission appeal board found as follows:

"On that date plaintiff's minor children, L. C. Gates, Jr. and Patricia Gates, born of plaintiff's relationship with Essie P. Gates, were living with plaintiff as members of his family and were wholly dependent upon plaintiff for support. Such children shall be treated as dependents for the purpose of this proceeding."

The language of our statute pertaining to dependency is the controlling factor:

"(b) For the purposes of this section and of section 10, dependency shall be determined as follows:

"The following persons shall be conclusively presumed to be dependent for support upon an injured employee:

"1. The wife of an injured employee living with such employee as such wife at the time of the injury.

"2. A child under the age of 16 years, or over said age, if physically or mentally incapacitated from

earning, living with his parent at the time of the injury of such parent.

"(c) In all other cases questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury. No person shall be considered a dependent unless he or she is a member of the family of the injured employee, or unless such person bears to such injured employee the relation of husband or wife, or lineal descendant, or ancestor or brother or sister. Except as to those conclusively presumed to be dependents, no person shall be deemed a dependent who receives less than 1/2 of his support from an injured employee." CL 1948, § 412.9, as amended by PA 1949, No 238 (Stat Ann 1950 Rev § 17.159).

Under language almost identical with paragraph (c) above,* Michigan has allowed compensation to illegitimate dependent children of employees whose *death* arose out of and in the course of their employment. *Roberts* v. *Whaley,* 192 Mich 133 (LRA1918A, 189); *Lewis* v. *Eklund Brothers Co.,* 244 Mich 22; *Westfall* v. *J. P. Burroughs & Son,* 280 Mich 638.

In the *Roberts Case, supra,* the Court allowed compensation to 2 minor illegitimate children who were living with their father and being supported by him at the time of his death (p 138):

"It appears to be conceded upon the record that Murna and Ellis are the children of the deceased. It further appears that they lived with him and were members of his family, and that they were dependent upon him at the time of his decease. They were actually cared for and supported by the deceased, and they had a right to expect a continuation of the

---

* "In all other cases questions of dependency, in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury. * * * No person shall be considered a dependent unless he or she is a member of the family of the deceased employee, or unless such person bears to said deceased employee the relation of husband or widow, or lineal descendant, or ancestor, or brother or sister." CL 1948, § 412.6 (Stat Ann 1950 Rev § 17.156).

support and care had he lived. This brings them clearly within the statute, and establishes as a matter of fact that they were dependent, and therefore entitled to the fund. But it is said they are illegitimate children, and that the law will not encourage the immoral and unlawful relation of the parents by recognizing them. The children are in nowise responsible for their existence or status. They are here, and must be cared for and supported. They were cared for and supported by the deceased up to the time of his death. It was his legal and moral duty to support them, and he was responding to that duty when death overtook him. We think they are clearly within the class entitled to the fund, and it must be passed to them."

This case has been frequently cited and approved in this and other jurisdictions. American Jurisprudence cites it as the leading case in discussing illegitimate children in relation to workmen's compensation claims. 58 Am Jur, Workmen's Compensation, § 175.

See, also, 100 ALR 1090, 1098; 18 NCCA NS 127, 132.

We see no occasion for differentiating between this case involving a claim for augmentation of an injured father's compensation because of dependency of his 2 illegitimate children and the claim as above of the dependent children on death of their father. In each instance the award is for the benefit of the child and founded upon identical language requiring a finding that the child at the time of claim was a dependent "member of the family."

The children who are subjects of appeal in the instant case were 2 years and less than 1 year of age. They were living with their father at the time of his injury and were being supported by him. The record supports the finding of the appeal board that they were "members of his family" and "wholly dependent" upon him. For these reasons, plus the

reasons outlined in my Brother's opinion on the principal questions in this case, we affirm the award of the workmen's compensation commission *in toto.* Costs to appellee.

DETHMERS, C. J., and SMITH, VOELKER, KELLY, and BLACK, JJ., concurred with EDWARDS, J.