## MEYERS v. CHRIS-CRAFT CORPORATION.

1. EVIDENCE—ADMISSIBILITY—OBJECTIONS.

A party objecting to the admission of evidence has a duty to state the ground for his objection so that the court and the opposing party may not be misled.

2. WORKMEN'S COMPENSATION—OBJECTION—APPEAL AND ERROR—SAVING QUESTION FOR APPEAL.

Objection to the admission of evidence in proceeding to recover workmen's compensation must be fairly presented in order to be sustained on appeal, for to hold otherwise would afford the means of tricking a party into relying upon the record made at the hearing, where it might have been amplified.

3. SAME—NOTICE OF INJURY—OBJECTION.

Determination of workmen's compensation appeal board that plaintiff failed to give notice of claim to employer *held*, error, where defendants' counsel failed to state with specificity his ground for objection as to plaintiff's testimony that defendant company had received notice of plaintiff's injury (CLS 1961, § 412.15).

4. SAME—FINDINGS OF WORKMEN'S COMPENSATION APPEAL BOARD—PROXIMATE CAUSE.

Entry of order granting workmen's compensation is not made by the Supreme Court on claimant's appeal from denial of compensation by workmen's compensation appeal board, where the board had not made a finding that there was a causal relationship between the work and heart attack claimed to have been sustained, the case being remanded for the purpose of determining whether such causal relationship was established.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 132 *et seq.*
[2] 58 Am Jur, Workmen's Compensation § 531.
[3] 58 Am Jur, Workmen's Compensation § 375 *et seq.*
[4] 58 Am Jur, Workmen's Compensation §§ 535–537.

Appeal by leave granted from Court of Appeals,, Division 3, Burns, P.J., Holbrook and Fitzgerald, JJ., order denying leave to appeal from Workmen's Compensation Appeal Board. . Submitted October 3, 1967. (Calendar No. 11, Docket No. 51,648.) De-, cided November 6, 1967.

John G. Meyers presented his claim for workmen's compensation against Chris-Craft Corporation and Home Indemnity Company. Compensation awarded for total disability. Award reversed by Workmen's Compensation Appeal Board. Plaintiff appeals. Reversed and remanded.

*Rothe, Marston, Mazey, Sachs & O'Connell (B. M. Freid, of counsel), for plaintiff.*

*Lacey & Jones (E. R. Whinham, Jr., of counsel),* for defendants.

KELLY, J. Plaintiff-appellant was employed by defendant Chris-Craft Corporation for more than 25 years. Plaintiff received a severe electric shock while operating an electric drill.[1] He was driven to a physician's office where he collapsed and from there was taken by ambulance to the Port Huron, Mercy Hospital, where he was hospitalized for three weeks.

After convalescing at home for four months, plaintiff returned to work but his heart condition made it impossible for him to continue such employment.'

The hearing referee granted plaintiff compensation, finding a personal injury arising out of and in the course of employment. Defendants appealed on the ground that (1) plaintiff did not establish that his disability following myocardial infarction

---

[1] January 7, 1963.—REPORTER.

is causally related to his employment, and (2) plaintiff did not meet the requirements as to notice and claim.[2]

Two members of the workmen's compensation appeal board, with two members concurring in the result only, held that the requisite of notice and claim had not been met and that a review and determination of causal connection between injury and disability would serve no purpose.

The Court of Appeals denied leave to appeal because of a "lack of meritorious grounds for granting same."

We quote the following from the appeal board's opinion on review:

"Plaintiff relies entirely on his testimony quoted as follows to meet the prerequisites of notice and claim:

" '*Q*. All right. Now, did you in some manner inform your employer that you wouldn't be in the following day?

" '*A*. Absolutely. My "Missus" went down and told the personnel manager—

" '*Mr. Felker*. I will object.

" '*A*. Beg your pardon?

" '*Mr. Freid*. Wait a minute. Will you say for the purpose of notice and claim that she is his agent?

" '*The Referee*. Yes.

" '*Q*. (By Mr. Freid): Go ahead, sir.

" '*The Referee*. Your wife did what?

" '*A*. She went down and notified the personnel manager that I had been injured there at Chris-Craft.

" '*Mr. Felker*. I am going to object, your Honor.

" '*The Referee*. And did you tell her the same story you told us?

" '*A*. Absolutely. I told my "Missus" that I had that jolt, and she went right down and told them,

[2] See CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165).—REPORTER.

so they would be positive that something happened to me there because I couldn't tell the doctor right off the bat until I come to over there in good shape.'

"The most elementary knowledge of evidence requires the above-quoted testimony to fall within the realm of hearsay and thus incompetent and objectionable."

Defendants' cross-examination of plaintiff follows in part:

"*Q.* All right.   Now, Mr. Dinsmore is the person you stated on direct examination that your wife talked to?

"*A.* That's right, but he's not there any more.

"*Q.* She told you she talked to him?

"*A.* Absolutely.

"*Q.* All right.   Mr. Dinsmore is no longer with Chris-Craft?

"*A.* That's right.

"*Q.* Is he living?

"*A.* At least the last I heard of him he's still alive.

"*Q.* Where does he live, do you know?

"*A.* Marine City.   At least that's where I knew him last.

"*Q.* You don't know if he's down in Florida?

"*A.* I couldn't tell you."

The requirement that a party objecting to the admission of evidence should make known the reason for the objection has been well established in this State since 1859, when this Court in *Hoard* v. *Little* (1859), 7 Mich 468, 470, 471 stated:

"It is the duty of a party objecting to the admission of evidence, to state the ground of his objection with perspicuity, that the court and the opposing party may not be misled by it."

In *Adams* v. *Novo Engine Co.* (1933), 264 Mich 292, this Court in denying appellant's claim that

testimony introduced in a workmen's compensation case was incompetent, stated (p 297):

"Regardless of the merits of the objection now asserted in appellants' brief, it was not fairly presented at the hearing, and cannot be sustained in this Court. To hold otherwise would afford the means of tricking a party litigant into relying upon the record made at the hearing, where it might have been amplified."

Quoting appellant:

"Plaintiff's testimony as to notice was correctly admitted because the purpose of such testimony was not to vouch for the veracity of said statements but only to show that such statements were made.   *   *   *

"The testimony in question was admissible and competent. Certainly its incompetency was not so clear as to allow for a general objection by attorney for the defendant. This case seems to indicate the very reason specific objections are necessary. The trial judge must have taken the objection of defendant's attorney to be merely preliminary because the record is clear that he never even made a ruling on the objection. Moreover the attorney for the defendant never insisted on a ruling. Furthermore, it is obvious plaintiff's attorney was in doubt as to the nature of defendant's objection as is noted by his request for a stipulation concerning Mrs. Meyer's agency relationship to her husband vis-a-vis notice. This doubt on the part of plaintiff's attorney was reinforced by the aforementioned failure of counsel for the defendant to request a ruling on his alleged objection and then to proceed to cross-examine Mr. Meyers concerning the same testimony in question.   *   *   *

"However, the record would indicate that counsel for the plaintiff was correct in assuming that counsel for defendant was not interested in, or serious about, his objection and that he was willing to allow evidence as to defendant company's notice of plaintiff's injury to go uncontested. One who clothes

his objection in such imperspicuity as to fail to inform both court and opposing counsel as to its nature and intent should not be heard, upon appeal, to complain of the damage caused by his own failure."

There is merit to appellant's claim. Defendants' objection was not fairly presented. The requirement of proof of notice has been complied with. The order of the appeal board is reversed.

Plaintiff's prayer that an order be entered "granting plaintiff compensation benefits in accordance with the order of the hearing referee," is not granted.

Defendants, calling attention to the fact that only part of their appeal was decided by the appeal board, state:

"The issue of whether the shock caused the antero-septal infarction was vigorously contested, but was not decided by the workmen's compensation appeal board, as the board determined that there was a failure of proof as to notice of injury and claim for compensation benefits. Two members of the board concurred only in the result of denying benefits. We believe this would indicate that these members believed that a causal relationship between work and heart attack was not established."

Defendants are entitled to a decision by the workmen's compensation appeal board as to whether the record established causal relationship between the work and the injury, and we are remanding solely for that purpose. Costs to appellant.

DETHMERS, C. J., and BLACK, T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.