NICHOLSON v LANSING BOARD OF EDUCATION

Docket No. 72216. Argued March 5, 1985 (Calendar No. 6).—Decided
November 8, 1985.

William C. Nicholson, on July 11, 1978, claimed workers' compen-
sation for a stroke suffered on January 8, 1973. His employer,
the Lansing Board of Education, asserted that the statute of
limitations for filing the claim had expired and that the tolling
provision of the workers' compensation act did not apply be-
cause the plaintiff's claim was the first notice it had of the
assertion that the stroke was work-related. A hearing referee
found that the claimant suffered a personal injury which arose
out of and in the course of his employment and awarded
benefits, holding that the defendant's failure to report the
injury to the Bureau of Workers' Compensation tolled the six-
month statute of limitations. The Workers' Compensation Ap-
peal Board affirmed. The Court of Appeals, D. E. HOLBROOK, JR.,
P.J., and GREEN, J. (HOOD, J., dissenting), reversed in an
opinion per curiam (Docket No. 66414). The plaintiff appeals.

In an opinion by Justice BRICKLEY, joined by Justices LEVIN,
RYAN, CAVANAGH, BOYLE, and RILEY, the Supreme Court held:

An employer, in order to receive the benefit of the statute of
limitations for filing claims for workers' compensation for
work-related injuries, must report to the Bureau of Workers'
Compensation those injuries in which the circumstances indi-
cate the possibility of a work-related cause. Where an injury is
suffered outside the workplace and there is no reason to suspect
that employment caused or contributed to it, the employer need
not notify the bureau.

1. In case law where the statute of limitations was raised as a
defense to claims of work-related disability, the focus was on
the employers' notice of the disability. The Legislature did not
intend to burden employers and the Bureau of Workers' Com-
pensation by requiring employers to report all injuries to

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Workmen's Compensation §§ 442 et seq.

Effect of injured employee's proceeding for workmen's compensation
benefits on running of statute of limitations governing action for
personal injuries arising from same incident. 71 ALR3d 849.

employees from any cause. Only injuries which possibly could be work-related are required to be reported to receive the benefit of the statute.

2. In this case, the employer had no knowledge of any symptoms of injury or illness that occurred while the employee was at the work site, nor of any event or accident at or near the work site. The record does not suggest that a stroke is a disease characteristic of or peculiar to the employee's duties. The employer had notice only of the fact that the plaintiff was unable to work because he had suffered a stroke at home.

Affirmed.

Chief Justice WILLIAMS, concurring in part and dissenting in part, stated that the decision of the Court of Appeals should be vacated and the case remanded to the Workers' Compensation Appeal Board for a factual determination as to when the plaintiff first became aware of the possibility that his stroke was work-related because the Court of Appeals, in making a factual finding on the basis of the plaintiff's testimony before the hearing referee, exceeded its authority.

127 Mich App 551; 339 NW2d 482 (1983) affirmed.

OPINION OF THE COURT

WORKERS' COMPENSATION — NOTICE OF INJURY — LIMITATION OF
ACTION.

An employer, in order to receive the benefit of the statute of limitations for filing claims for workers' compensation for work-related injuries, must report to the Bureau of Workers' Compensation those injuries in which the circumstances indicate the possibility of a work-related cause; where an injury is suffered outside the workplace and there is no reason to suspect that employment caused or contributed to it, the employer need not notify the bureau (MCL 418.381; MSA 17.237[381]).

*Sablich, Ryan, Bobay & Kaechele, P.C.* (by *Theodore P. Ryan*), for the plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Kathryn L. Hagenbuch*), for the defendants.

BRICKLEY, J. In this case we are asked once again to interpret and apply the notice provision of the workers' compensation act, which tolls the statute of limitations pertaining to filing for bene-

fits, if the employer has received notice of injury, but has not reported the injury to the Bureau of Workers' Compensation. MCL 418.381; MSA 17.237(381).

## FACTS

The facts giving rise to this action were aptly summarized by the WCAB and are not in dispute:

> Plaintiff was employed with defendant in the capacity of a janitor. During the winter months, this job required plaintiff to shovel coal for approximately two and one-half hours during each day for periods of 45 minutes to one hour at a time. Using an oversized shovel, plaintiff would shovel the coal from the coal bin into a wheelbarrow. Plaintiff testified that the wheelbarrow weighed approximately 500 pounds when full, and that he would push the wheelbarrow some 50 to 75 feet and dump the coal into two coal hoppers. The coal hoppers required between six and eight loads to fill. Plaintiff performed this activity just prior to leaving work each night at 1:00 A.M. during the winter months. The rest of plaintiff's job duties were of the nature that required constant standing and walking.
>
> Plaintiff testified that prior to January 1973 he had begun experiencing headaches on almost a daily basis and such was the case on January 8, 1973. In spite of the fact that plaintiff's wife attempted to get plaintiff to stay home from work, plaintiff testified that he was not the type of person who complained and that he never missed any time from work. January 8, 1973 was no exception. Plaintiff testified that when he completed his shift at 1:00 A.M. on January 9, he "couldn't hardly even get in the car to go home" and, upon arriving home, he "couldn't hardly get in the house." Plaintiff then went to bed and upon rising that morning at 8:00 A.M. experienced pains which he characterized as like a sledge hammer

hitting him in the head. Plaintiff was subsequently hospitalized and underwent surgery. The diagnosis was a spontaneous subarachnoid hemorrhage.

The defendant employer was aware that plaintiff did not report for work on January 9, 1973, because of the stroke. The employer did not report this fact to the Bureau of Workers' Compensation. Plaintiff filed a petition for hearing with the bureau on July 11, 1978. The employer claims this was the first notice it had of the assertion that the stroke was work-related.

The hearing referee found that plaintiff suffered a personal injury which arose out of and in the course of his employment. With regard to whether plaintiff's claim was barred under § 381, the referee found that this Court's decision in *Krol v Hamtramck,* 398 Mich 341; 248 NW2d 195 (1976), was controlling. The employer's failure to file a report of injury was held to have suspended the statutory limitation, and plaintiff thus was awarded benefits.

The WCAB affirmed the decision, also relying on *Krol.* Defendants then filed an application for leave to appeal in the Court of Appeals which was denied for lack of merit on the grounds presented. Defendants next applied for leave to appeal to this Court, and we remanded the case to the Court of Appeals for consideration as on leave granted. 414 Mich 895 (1982).

On remand, the Court of Appeals reversed the judgment of the WCAB in a two-to-one decision. 127 Mich App 551; 339 NW2d 482 (1983). The majority pointed to plaintiff's testimony that shortly after the stroke occurred, while still in the hospital, the plaintiff believed his work may have partially caused the stroke. The majority ruled that plaintiff was not entitled to benefits because he failed to

give notice to his employer of a work-related injury within ninety days after he was able to report the injury, thus the six-month statute of limitations pertaining to filing for benefits was not tolled. 127 Mich App 553.

In contrast to the majority, Judge Hood, in his dissent, focused on the conduct of the employer. He stated that an injury that is within the employer's knowledge must be reported to the bureau if the employer wishes to retain the six-month statute of limitations defense. 127 Mich App 554-555. He stated further that the correct rule was that an employer need not have knowledge that the injury is work-related or compensable before it is required to report the injury. 127 Mich App 555. Judge Hood would have held that by failing to report plaintiff's injury to the bureau the defendants waived the statute of limitations defense. *Id.*

We subsequently granted plaintiff's application for leave to appeal. 419 Mich 922 (1984).

## DISCUSSION

It has long been the rule in Michigan that in workers' compensation cases the law in effect at the time of the relevant injury must be applied unless the Legislature clearly indicates a contrary intention.[1] *Wallin v General Motors Corp,* 317 Mich 650; 27 NW2d 122 (1947). At the time of plaintiff's injury, § 381 provided in part:

> No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in

---

[1] The statute has since been amended to remove the tolling provision.

writing, has been made within 6 months after the occurrence of the same . . . . In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau. [1969 PA 317.]

The most frequently cited statement concerning § 381[2] is contained in *Norris v Chrysler Corp*, 391 Mich 469; 216 NW2d 783 (1974). There, Justice COLEMAN, writing for a unanimous court, began by noting that

[t]he purpose of the notice is to give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss. [391 Mich 474, quoting from *Littleton v Grand Trunk R Co*, 276 Mich 41, 45; 267 NW 781 (1936).]

The *Norris* Court summarized the prior cases dealing with the sufficiency of notice from the employee to the employer:

[I]n *Henderson v Consumers Power Co*, 301 Mich 564; 4 NW2d 10 (1942)[,] the plaintiff was injured in 1930. While convalescing he was visited by company superintendents. As a result of his injuries, plaintiff went blind in one eye in 1937. He

---

[2] In *Norris*, we interpreted the predecessor to § 381, but, since the relevant portions of the statutes are identical, the reasoning of that case and the earlier cases applies here.

filed for compensation in 1940. This Court upheld
the award. The Court held that precedent "recog-
nized that knowledge of an accident is the equiva-
lent of notice" . . . . The Court concluded that
"defendant had the requisite 'notice or knowledge'
of plaintiff's accident and injury within three
months after the happening thereof." Also see
*Gates v General Motors Corp,* 349 Mich 286; 84
NW2d 482 (1957) where the Court agreed that
"the limitation period of the act does not begin to
run if the employer has knowledge of the acciden-
tal injury and fails to file a report."

A statutorily sufficient notice was given in *West
v Northern Tree Co,* [365 Mich 402; 112 NW2d 423
(1961)], where the employee told the foreman that
his hands were cold and freezing. The notice was
given on February 16, 1957, which was plaintiff's
last day as an employee. A finger was amputated
in April 1958. Although the only notice given was
the complaint to the foreman, the Court affirmed
an award for the loss of the finger. Sufficient
notice was also found in *Meyers v Chris-Craft
Corp,* 379 Mich 552; 153 NW2d 657 (1967). The
employee's wife went to the personnel manager
and said her husband had been injured at work.
This Court reversed the Appeal Board's reversal of
an award and said the "requirement of proof of
notice has been complied with." The Court re-
manded for a decision "as to whether the record
established causal relationship between work and
the injury." [391 Mich 478-479.]

In *Norris,* the claimant was injured on Novem-
ber 2, 1954, when he was struck by a car while en
route from a parking lot to his workplace. The
chief guard at the plant was told of the injury
immediately, and the claimant's foreman was in-
formed of the injury the same day it occurred. The
claimant had continuing medical problems and
was never able to return to work. A petition for
benefits was not filed until 1968. "Defendant ar-
gue[d] that under the state of the law at that time

it did not receive notice of a compensable injury and therefore was not required to report." 391 Mich 477. This Court rejected the employer's contention and instead held that an injured employee has two separate obligations: (1) "the employee must first give notice of the accident"; (2) the employee has "a separate obligation" to show that the "injury is compensable" if the employer contests the employee's claim. *Id.*, p 478.

The *Norris* Court rejected the employer's argument that it needed only to report compensable injuries in order to impose the statutory limitations. Under the view of the employer, it would have been chargeable with judging the merits of the case when that duty rests with the referee and the WCAB.

> The employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations. Conversely, the employer need not report all or any injuries, but in failing to do so pays the price of the suspension of statutory limitations. [391 Mich 480.]

Also:

> The notice given must be sufficient to make the employer aware that an injury has been sustained. If, after inquiry, the employer does not believe the injury to be compensable, it need not report the accident. However, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable. If such a determination occurs, the employer's penalty is a suspension of statutory limitations. [391 Mich 477.]

The notice to the chief guard and foreman in *Norris* was sufficient to put the company on notice that the accident occurred while the claimant was

reporting to work, and this was enough to toll the statute of limitations.

Since *Norris,* we have reaffirmed this interpretation of § 381. In *Krol v Hamtramck, supra,* p 344, the employer had notice that the employee's cause of death was "[b]rain necrosis, [with] questionable etiology." The employee had worked in the traffic control division of the police department, painting signs, curbs, and crosswalks and removing paint from signs. In the winter months, he worked primarily indoors and was exposed to paint, kerosene, and gas fumes. Despite having notice of the cause of death and knowledge of the employee's working conditions, the employer did not notify the workers' compensation bureau of the employee's death. Thus, even though the employee's wife did not file a petition for benefits until over two years after Krol's death, we held that the claim was not barred because the statute of limitations was suspended when the employer did not notify the bureau of the death. 398 Mich 347-348. The question whether the employee had given timely notice to the employer was not the end of the inquiry because of that portion of § 381 which provided: "in all cases in which the employer has . . . notice . . . or knowledge of the happening of [an] accident within 3 months of the happening of the same, and fails, neglects or refuses to report said inquiry to the compensation commission . . . , the statute of limitations shall not run against the claim of the injured employee or his dependents . . . until a report of said injury shall have been filed with the compensation commission." Accordingly, Mrs. Krol's claim was held not barred as the statute of limitations did not run against her because of the employer's failure to file a report of the injury.

In *Meads v General Motors Corp,* 402 Mich 540;

266 NW2d 146 (1978), the claimant had worked over thirty years for the defendant, mostly on jobs involving grinding. For three months before his retirement, the claimant was placed on extended sick leave for which he received sick leave benefits. Company records indicated that the causes of his sick leave were pneumonitis, pulmonary emphysema, and bronchial asthma. The claimant did not file a petition for benefits until almost five years after his retirement because it was not until then that he suspected a connection between his employment and disability.

The issue was whether there was sufficient notice to the employer of the claimant's occupational disease and disability so as to require the employer to file a report of injury with the bureau. We looked to the nature of the claimant's employment conditions as well as the employer's knowledge of his illness. The employer "had every opportunity to report the disablement and its nature to the bureau as required by statute [but it] did not do so." The statutory time limits for the filing of notice and claim by the claimant were therefore suspended. 402 Mich 543-544.

In *Smith v Kelsey-Hayes (After Remand)*, 404 Mich 70; 273 NW2d 1 (1978), *reh den* 406 Mich 1102 (1979), a different situation was presented. There the employee was involved in an accident at work in July of 1972 and suffered an injury. *Smith v Kelsey-Hayes*, 1975 WCABO 2369. He did not, however, notify his employer on the date of his injury. Nor did the employer have knowledge of the injury on August 3, 1972, when the employee went on strike. Until the strike, the employee had worked all his scheduled days and hours. During the strike the employee's symptoms worsened, and he eventually had disc surgery in November of 1972. He did not return to work when the strike

ended and applied for group insurance benefits *disclaiming* any cause related to work on the form filed. He did not file a petition for benefits until March of 1973.

The WCAB in *Smith* found, as a matter of fact that the employer did not have notice of the injury until nine months after it occurred. This Court affirmed, because there was evidentiary support for the finding of fact that notice of the injury was not received by the employer until March of 1973. 404 Mich 73. The employee's claim was barred by the statute of limitations because the employer did not have notice of the injury within three months of its happening. 404 Mich 75.

The most recent opinion of the Court in which § 381 was considered is *Combs v Michigan Mobile Homes,* 406 Mich 507; 280 NW2d 451 (1979). There the employee told his employer in April of 1975 that he was having chest pains at work, and he was allowed to leave work. The employee's wife soon thereafter informed the employer that her husband was hospitalized. A representative of the employer talked twice with the employee about his medical condition and salary and about health insurance matters. The employee filed a claim for benefits in October of 1975.

In *Combs,* the WCAB, by finding insufficient notice of injury, "implied that the plaintiff had to make the company aware of the connection between the plaintiff's work and the plaintiff's occupational disease; at least, aware enough to put the defendant 'upon inquiry and require the filing of a report.' " 406 Mich 508-509.

In light of *Krol* and *Norris,* we rejected this approach and reached a different conclusion:

> As in *Krol* and *Norris,* the employer in this case knew of the employee's health problem and ab-

sence from work. Both the employer and employee may have been unaware of a causal connection between the work and the disability, but this does not mean there has not been notice. See *West v Northern Tree Co, [supra];* the notice, in this case, given by plaintiff to Jerry King, a manager, is the same kind of notice given by plaintiff West to his foreman. See 365 Mich 404. Accordingly, plaintiff Combs's case is not to be rejected for want of notice. [406 Mich 509.]

The plaintiff finds this authority, particularly the pronouncements of *Norris* and the factual similarities of *Krol,* to be ample on its face to support a reversal of the judgment of the Court of Appeals, since the facts here support the conclusion that the employer had notice of plaintiff's illness.

Defendants propose that the precedent which has developed in these cases is distinguishable from the facts of this case, in that in each of the prior cases the employers had facts within their knowledge which should have made them aware of the causal connection between work and the injury while in this case the employer knew of no facts which would indicate that the employment caused the stroke. We agree.

In *Henderson,* the claimant fell from a utility pole during work and suffered a brain injury. His vision became blurred in one eye and eventually worsened into blindness. Because the employer knew of the work-related injury and failed to file a proper report, it was denied the benefit of the statute of limitations. 301 Mich 578. The employee in *Gates* suffered a back injury while at work and also hurt his arm when a one-hundred-pound casting fell on it. Since the employer had knowledge of these injuries and failed to file a report, it could not receive the benefit of the statute of limitations

defense. 349 Mich 290. In *West,* the employer's
foreman was told that the claimant's hands were
cold and freezing due to the outdoor work. This
was the employee's last day of work, and the
notice given to the employer was held to be suffi-
cient notice to toll the statute of limitations. 365
Mich 406. After being informed by the employee's
spouse that the her husband had been injured at
work, the personnel manager in *Meyers* failed to
file a report with the bureau. We held that this
was sufficient notice of an injury to the employer.
379 Mich 557.

In *Norris,* there was an "accident" in every
sense of the word, when the employee, on his way
between a parking lot and the plant, was struck by
a car. While it was arguable that his injuries were
not compensable since he had not yet entered his
work station, there was little doubt that his injury
was work-connected in a general sense. The pro-
nouncements from *Norris,* that "[t]he employer
must report any injury of which it has notice"
even if it may not be compensable, were certainly
justified in the context of that case. *Norris* made it
clear that the employer's determination of
whether or not to give notice of an injury was not
the time or the place to determine its compensabil-
ity. Employers were required to report injuries to
the bureau, and thereafter the compensability of
the claims could be determined.

In *Krol,* the employer not only knew of the
employee's death, but, in response to its request,
received a report listing the cause of death as
"[b]rain necrosis, questionable etiology." That in-
formation, coupled with the employer's knowledge
that the deceased had worked in a confined area
where he was "exposed to paint, kerosene and gas
fumes," certainly raised the possibility of an occu-

pational disease, which is a personal injury under
the act. MCL 418.401(2)(b); MSA 17.237(401)(2)(b).

In *Meads,* as in *Norris* and *Krol,* there was no
doubt of the employer's knowledge of the employ-
ee's disability, because of the employee's illness
just before his retirement. As in *Krol,* there was
also reason to suspect an occupational disease,
because of the employee's tenure as a grinder and
the fact that "pulmonary disability is a common
result after many years of exposure as plaintiff
experienced."

Lastly, in *Combs,* while there was no accident or
event as in *Norris* or suggestion of occupational
disease as in *Krol* or *Meads,* there was an occur-
rence—chest pains—at work. The employer knew
the claimant suffered chest pains at work and was
forced to leave early. It also knew the claimant
had a heart attack shortly thereafter. This was
enough to put the employer on notice as to the
possible compensability of the injury.

In each of these cases, we said that the central
focus was the employer's notice of the disability,
even though in each case the employers also had
information which put them on notice as to the
possible work-relatedness of the injuries. Plaintiff
urges that the rule to be extrapolated from these
cases is that employers must, in order to preclude
the tolling of the statute of limitations, report to
the bureau any illness of any employee regardless
of where it first manifests itself and regardless of
an apparent unrelatedness to employment. The
common trend running through the case law inter-
preting § 381 is that each employer had knowledge
of facts which made them aware of a work-related
injury. We do not believe the Legislature intended
to burden employers and the bureau with a re-
quirement that all injuries, from whatever cause,
sustained by employees must be reported. In order

to receive the benefit of the § 381 statute of limitations employers must report those injuries in which the circumstances indicate the possibility of a work-related cause. Where an injury is suffered outside the workplace and the employer does not have reason to suspect the employment caused or contributed to it, there is no obligation to give notice to the bureau to receive the benefit of the statute of limitations.[3]

In this case, the employer, according to the plaintiff's testimony, had no knowledge of any symptoms of injury or illness that occurred while he was at the site of employment. The employer had no knowledge of any event or accident at or near the employment site. There is nothing on the record suggesting that a spontaneous subarachnoid hemorrhage[4] is a disease "characteristic of and peculiar to" (MCL 418.401[2][b]; MSA 17.237[401][2][b]) janitorial duties or heavy shoveling, in particular, or even the workplace generally. The employer in this case had notice—only—of the fact that one of its employees was unable to work because he had suffered a stroke at home.

This case presents for the first time an opportunity and a need to qualify the rule of *Norris* that "[t]he employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations." Certainly, in *Norris,* we did

----

[3] We note that this standard is substantially similar to that suggested by Professor Larson in Workmen's Compensation Law:

"It is not enough, however that the employer, through his representatives, be aware that claimant [has suffered an illness or injury]. There must in addition be some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." 3 Larson, Workmen's Compensation Law, § 78.31(a), pp 15-100 to 15-109.

[4] The treating physician, who testified for the defense, stated that he used the word "spontaneous subarachnoid hemorrhage" because it "refers to the onset of a hemorrhage without inciting cause, without an inciting, for example, trauma or tumor."

not intend to include under the term "injury" an illness that the employer had no reason to believe was work-connected.

Each of the prior cases finding sufficient notice under § 381 presented fact situations that made it possible for the employer to be on notice of the possibility of work-relatedness. This case did not, and it is thus distinguishable.

Affirmed. No costs, a public question.

LEVIN, RYAN, CAVANAGH, BOYLE, and RILEY, JJ., concurred with BRICKLEY, J.

WILLIAMS, C.J. (*concurring in part and dissenting in part*). While I concur generally in the reasoning and rationale of my brother BRICKLEY's opinion, I write separately because I dissent from that portion of the opinion which adopts the conclusion of the Court of Appeals as to when the plaintiff was first aware of the possibility that his stroke might be work-related. The Court of Appeals made a factual finding on the basis of testimony by the plaintiff before the hearing referee and, in doing so, exceeded its authority. I would vacate the decision of the Court of Appeals and remand this case to the Workers' Compensation Appeal Board for a factual determination on this issue.

I also wish to emphasize that, assuming the majority is correct that the plaintiff was aware of the possibility his stroke was work-related, the majority opinion does not impose a higher standard of notice on the employee than on the employer.

The Court holds that in order for the employer's duty to file to arise there must have been a "fact situation[ ] that made it possible for the employer to be on notice of the possibility of work-related-

ness." *Ante,* p 104. Thus, notice to the foreman that the employee's hands were cold and freezing, *West v Northern Tree Co,* 365 Mich 402; 112 NW2d 423 (1961), and notice to the employer that the employee was having chest pains at work, *Combs v Michigan Mobile Homes,* 406 Mich 507; 280 NW2d 451 (1979), were sufficient to require filing by the employer. However, in this case there was no argument that the employer knew that the employee was experiencing severe headaches and tiredness at work; therefore, the employer did not have notice of the possibility of work-relatedness.

Under the rule adopted today, a party, employer or employee, with knowledge of facts giving rise to the possibility of work-relatedness is required to act in accordance with those facts. Since the employee alone knew he had headaches, he was required to file his claim within the prescribed statutory period.