WILLIAMS v CHRYSLER CORPORATION (ON REMAND)

Docket No. 172069. Submitted January 10, 1995, at Lansing. Decided March 21, 1995, at 9:05 A.M. Leave to appeal sought.

Larry Williams received an open award of worker's compensation benefits after a magistrate in the Bureau of Worker's Disability Compensation determined that he had sustained a work-related injury and had provided timely notice of that injury to Chrysler Corporation. The Worker's Compensation Appellate Commission affirmed, determining that notice of the injury had not been timely but that Chrysler had not been prejudiced by the lack of timely notice. The Court of Appeals denied Chrysler leave to appeal. The Supreme Court, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted. 444 Mich 940 (1994).

On remand, the Court of Appeals *held:*

1. The appellate commission acted within its authority in finding that notice of the injury had not been timely but that Chrysler had not been prejudiced. MCL 418.861a(14); MSA 17.237(861a)(14) provides that findings of fact made by the appellate commission are conclusive, and MCL 418.861a(12); MSA 17.237(861a)(12) authorizes, but does not require, the appellate commission to remand a case to a magistrate for purposes of supplying a complete record if the appellate commission determines that the existing record is insufficient for purposes of its review.

2. The purpose of MCL 418.381(1); MSA 17.237(381)(1), which requires an employee to provide an employer with notice of injury within ninety days after the injury or within ninety days after the employee knew or should have known of the injury, is to give the employer an opportunity to investigate an alleged accident and injury while facts are accessible and to provide care for the injured employee so as to speed the employee's recovery and minimize loss. Failure to give notice is excused unless the employer can prove prejudice from the lack of notice. Competent evidence supports the appellate commission's

REFERENCES

Am Jur 2d, Workers' Compensation §§ 491, 499.
See ALR Index under Workers' Compensation.

findings in this case that timely notice of injury would not have advanced the purposes of § 381(1) and that Chrysler was not prejudiced by the lack of notice.

Affirmed.

WORKER'S COMPENSATION — TIMELY NOTICE OF INJURY — PREJUDICE TO EMPLOYER.

Whether an employee provided an employer with notice of a work-related injury within ninety days of the injury or within ninety days after the employee knew or should have known of the injury and whether lack of notice may be excused in the absence of prejudice to the employer are questions of fact to be resolved case by case (MCL 418.381[1]; MSA 17.237[381][1]).

*Grant & Busch, P.C.* (by *Gary M. Busch*) (*Birch, McNeil & Mowry, P.C.,* by *James A. Mowry,* of Counsel), for the plaintiff.

*Lacey & Jones* (by *Gerald M. Marcinkoski*), for the defendant.

### ON REMAND

Before: MCDONALD, P.J., and TAYLOR and HOEKSTRA, JJ.

PER CURIAM. This matter is before us for consideration as on leave granted by order of our Supreme Court. 444 Mich 940 (1994). Defendant appeals a July 31, 1992, decision of the Worker's Compensation Appellate Commission affirming a magistrate's open award of benefits. This case presents questions regarding the extent of the WCAC's fact-finding power and the proofs necessary for an employer to establish prejudice under MCL 418.381(1); MSA 17.237(381)(1).[1] We affirm.

---

[1] We do not address plaintiff's independent issue regarding the WCAC's reversal of the magistrate's finding of timely notice. Plaintiff did not file a timely appeal with this Court. MCL 418.861a(14); MSA 17.237(861a)(14); *Wszola v Robert Carter Corp,* 187 Mich App 372; 468 NW2d 57 (1991). In addition, it was defendant's appeal that our Supreme Court remanded for consideration as on leave granted.

During his last year of employment with defendant, plaintiff installed parts on and in car chassis that already had doors attached to them. According to plaintiff, in March 1985 he was holding on to the edge of a door opening with his left hand when the door closed on his hand and he suffered an injury. Plaintiff testified that he went to the plant medical office and obtained an Ace bandage and some liniment. Plaintiff returned to the medical office and received liniment for his hand condition almost weekly between March and November 1985. Plaintiff claimed that he suffered the same type of injury again in November 1985, and again went to the plant medical office. Plaintiff continued to visit the medical office regularly because of his hand condition, until his last day of work on June 5, 1986.

After the November 1985 injury, plaintiff began receiving treatment for his hand at a clinic, which referred him to an orthopedic surgeon who diagnosed a nonunion fracture and performed bone-graft surgery. The bone graft was unsuccessful and plaintiff was referred to a hand specialist, who performed similar surgery. That surgery was also unsuccessful and, at the time of the hearing, a full wrist fusion was recommended.

Plaintiff applied for sickness and accident benefits in June 1986, which defendant paid. Plaintiff subsequently applied for worker's compensation benefits in May 1987. In concluding that plaintiff was entitled to benefits, the magistrate found that plaintiff had sustained a work-related personal injury and that timely notice had been provided to defendant.

On appeal, the WCAC found, pursuant to MCL 418.381(1); MSA 17.237(381)(1), that plaintiff did not notify defendant of plaintiff's work-related injury within ninety days after plaintiff knew of

the injury, but that defendant was not prejudiced by the lack of timely notice.

I

In this case, the magistrate was not required to determine whether defendant was prejudiced by late notice because the magistrate concluded that proper notice had been given. After the WCAC overturned the magistrate's decision regarding notice, it went on to find on the basis of the record made at the magistrate's hearing that defendant was not prejudiced by the lack of timely notice. Defendant argues from these facts that the WCAC was without authority to decide whether there was prejudice due to late notice because factual determinations must be made by a magistrate.

Defendant's position is not supported by the act. MCL 418.861a(14); MSA 17.237(861a)(14) provides that findings of fact made by the WCAC are conclusive, and MCL 418.861a(12); MSA 17.237(861a)(12) authorizes, but does not require, the WCAC to remand a case to a magistrate for purposes of supplying a complete record *if* the WCAC determines that the existing record is insufficient for purposes of its review.

Furthermore, our Supreme Court has affirmed WCAC decisions in which the WCAC made findings of fact contrary to those of the magistrate. For example, see *Holden v Ford Motor Co,* 439 Mich 257, 274-277; 484 NW2d 227 (1992), and *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). In addition, this Court has recently affirmed a factual finding of the WCAC where the magistrate made no finding on the point. *Woody v Cello-Foil Products (On Remand),* 204 Mich App 259, 262; 514 NW2d 228 (1994).

Finally, we believe that defendant's construction

of the statute is inconsistent with the Legislature's intent to streamline the worker's compensation system and avoid backlogs. See *Holden, supra* at 260-261; *Civil Service Comm v Dep't of Labor,* 424 Mich 571, 584-585; 384 NW2d 728 (1986). Defendant's construction of the statute would result in cases on appeal that would require factual findings being sent back to a magistrate and then appealed a second time to the WCAC. We believe this result to be inconsistent with the legislative intent. Therefore, we conclude that the WCAC acted within its authority when it found that defendant had not proven that it was prejudiced by plaintiff's late notice.

II

Defendant also argues that the WCAC's finding that defendant had not shown prejudice was unsupported by the evidence. While Michigan has long required that employees provide notice of injury, see, e.g., *Nicholson v Lansing Bd of Ed,* 423 Mich 89; 377 NW2d 292 (1985); *Norris v Chrysler Corp,* 391 Mich 469, 474; 216 NW2d 783 (1974), the act excuses a failure to give notice if the employer cannot prove prejudice. Section 381 provides in part:

(1) The employee shall provide a notice of injury to the employer within 90 days after the happening of the injury, or within 90 days after the employee knew, or should have known, of the injury. Failure to give such notice to the employer shall be excused unless the employer can prove that he or she was prejudiced by the failure to provide such notice. [MCL 418.381(1); MSA 17.237(381)(1).]

The purpose of the notice provision is to give an

employer an opportunity to investigate an alleged
accident and injury while facts are accessible and
also to provide care for the injured employee so as
to speed the employee's recovery and minimize
loss. *Nicholson, supra* at 94. In this case, the
medical testimony did not indicate that plaintiff's
condition necessarily would have been any better
had plaintiff received more timely or more exten-
sive treatment. Although such an improvement
was possible, the medical testimony established
that plaintiff had a poor prognosis for healing
from the outset because the location of the plain-
tiff's injury had a "notoriously" poor blood supply.

Although defendant argues that a lack of timely
notice prevented it from conducting a prompt
investigation, neither the record nor defendant
suggests any specific ways in which defendant's
investigation of the alleged accident was hampered
by the passage of time.

Defendant further attempts to show prejudice by
arguing that if it had known about the March
1985 injury it could have done something to rectify
the problem before plaintiff suffered a second in-
jury in November 1985. However, defendant does
not suggest anything specific it might have done,
and defendant makes no showing that it took any
action to correct the problem after learning of
plaintiff's two injuries.

The WCAC determined that defendant's argu-
ments led only to generalized conclusions of preju-
dice, which would hold in virtually any case. It
could always be argued that a lack of prompt
notice prevented an employer from conducting an
immediate investigation, from quickly remedying a
problem, or from promptly providing medical
treatment. This cannot equate with prejudice,
however. Section 381(1) requires an employer to
"prove" that it was "prejudiced by the failure to

provide such notice." Bearing in mind that the Worker's Disability Compensation Act is remedial in nature and should not be construed unnecessarily to deny benefits, *Nederhood v Cadillac Malleable Iron Co,* 445 Mich 234, 247; 518 NW2d 390 (1994), we believe that a showing of prejudice unique to the facts and circumstances involved in a particular case is required for this language to be meaningful.

This is not to imply that prejudice can never be shown. Prejudice can arise, under appropriate circumstances, when untimely notice actually prevents an employer from investigating an accident and injury or prevents an employer from providing essential medical treatment. This conclusion follows from the fact that the ability to investigate an accident and to provide medical treatment are recognized purposes of the notice requirement. *Nicholson, supra* at 94. Because nothing in the language of § 381(1) limits the meaning of "prejudice" to an inability to investigate an accident or to provide prompt medical care, we believe that prejudice could arise for other reasons as well.

However, in this case, the WCAC made a factual finding that defendant was not prejudiced by a lack of timely notice. We believe that the question of prejudice is not a question of law, as contended by defendant, but rather a question of fact. We affirm factual findings of the WCAC where the findings are supported by any competent evidence. *Holden, supra* at 263. While we recognize that we might not have made similar factual findings regarding prejudice had we been in the WCAC's position, we cannot say that the WCAC's findings were wholly unsupported by competent evidence.

Affirmed.